In The United States District Court For
The Middle District of Alabama

RECEIVED

2006 APR 12  A 10: 20

Rodrigues Huguley
Petitioner

vs.

Warden Sylvester Folks
Respondent

3:06cv 333 - WKW

Brief in Support of Section 2254 Petition
For Writ of Habeas Corpus - Grounds for Relief

In RE: Lee County, Alabama CC-95-741

Rodrigues Huguley
A.I.S. # 184918
Atmore Work Center
9947 Highway 21, North
Atmore, Alabama 36503

# Table of Contents

1- Table of Contents                              i

2- Table of Authorities                          ii-iii

3- Statement of the Case                          1

4- Statement of the Facts                         2

5- Statement of the Issues Presented              3

6- Arguments                                     4-17

7- Conclusion                                    17-20

8- Verification                                   20

9- Certificate of Service                         21

(i)

Table of Authorities

1- Alcorta vs. Texas, 355 U.S. 28 | 11

2- Avery vs. Alabama, 308 U.S. 444 | 16

3- Battle vs. State, 801 So2d. 41 | 4

4- Blackburn vs. State of Ala., 361 U.S. 199 | 10

5- Cain vs. State, WL 21480624 (2003) | 4

6- Carmell vs. Texas, 146 Led. 2d. 577 | 4

7- Cooper vs. Aaron, 358 U.S. 1 | 8

8- Evitts vs. Lucey, 469 U.S. 387 | 16

9- ExParte Young, 209 U.S. 123 | 8

10- Giglio vs. United States, 405 U.S. 150 | 11

11- Harris vs. Oliver, 645 F2d. 327 | 13

12- Helton vs. Sec. Dept. of Conn., 299 F3d. 1310 | 19

13- Herring vs. New York, 422 U.S. 853 | 17

(ii)

14- Imbler vs. Pachtman, 424 U.S. 409     | 12

15- Johnson vs. Nagle, 58 F.S. 2d. 1303     | 15

16- Jud. Canon's of Ethics B (1)     | 7

17- Jud. Canon's of Ethics 3, C, C (1)     | 7

18- Molo vs. Johnson, 207 F3d. 773     | 19

19- Napue vs. Illinois, 360 U.S. 264     | 11

20- Rodriguez vs. Artuz, 990 F.S. 275     | 20

21- Schaefer, 70 Harv. L. Rev. 1, 8     | 16

22- Schauer vs. Rhodes, 416 U.S. 232     | 8

23. Strickland vs. Washington, 466 U.S. 668     | 15

24- Townsend vs. Sain, 372 U.S. 322     | 14

(iii)

## Statement of the Case

In the instant case the State trial Court
Judge abused his discretion and violat-
ed his Oath of Office, as well as
the Judicial Canons of Ethics, by
Allowing the State's Prosecutor to
use false testimony to convict an
innocent man; then refusing to
correct upon this fundamental
miscarriage of justice; and then
threatening your innocent Petitioner
with criminal charges should he
attempt any further litigation
to prove his innocence. (See Attached
Exhibits).

## Statement of the Facts

In this instance a robbery took place in Auburn, Alabama; by someone other than your Petitioner. This subject was apprehended, but the Auburn Police Officer did not like your Petitioner and made a deal with the actual perpetrator to give false testimony against your Petitioner so that he could gain an illegal conviction.

The State's Prosecutor was a party to this fabrication of evidence and when the truth was later revealed (See Exhibit "A") the State trial Court Judge abused his discretion by criminally conspiring with the States Prosecutor to cover up these illegal acts; and refused your Petitioner a evidentiary hearing; then threatened your Petitioner with criminal sanctions should said Petitioner attempt any further litigation to prove his innocence. (See Exhibit "B").

(2)

## Statement of the Issues Presented

1. Did the trial Court abuse it's discretion by not holding an evidentiary hearing and correcting this fundamental mis-carriage of justice?

2. Did the State Trial Court Judge violate the Judicial Canon's of Ethics and his Oath of Office by not maintaining professional competence in his Court?

3. Did the State Prosecutor Error by criminally conspiring with a Police Officer to present false testimony to gain this illegal conviction?

4. Did the incompetent and ineffective trial counsel Error by not objecting to this fundamental miscarriage of justice?

(3)

Arguments

1) Did the trial Court abuse it's discretion by not holding an evidentiary hearing and correcting this fundamental miscarriage of justice?

The Court in Battle vs. State, 801 So2d. 41 (Al. Cr. App. 2001) holds that, "Ala. Rules Crim. Proc., Rule 32.9(d) requires an evidentiary hearing to take evidence and make specific findings of fact relating to each material issue of fact presented." (See Also) Cain vs. State, 2003 WL 21480624 (Al. Cr. App. 2003).
At No time has the State Courts ever held an evidentiary hearing, because the State Courts know to do so would prove that your Petitioner is innocent and this fundamental miscarriage of justice would have to be corrected.
The United States Supreme Court, made clear in Carmell vs. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 L.ed. 2d. 577 (2000) that, "There is plainly a

(4)

fundamental fairness interest, even
apart from any claim of reliance,
or notice, in having the government
abide by the Rules of Law (A.R.Cr.P.,
Rule 32.9(d)), it establishes to
govern the circumstances ... under
which it can deprive a person of
his liberty or life". Id. at 533,,
120 S.Ct. 1620. (emphasis added).
  Section One of the Fourteenth Amend-
ment to the Constitution of the United
States guarantees all citizen's the
rights to Due Process and Equal Protec-
tion of the laws (that your petitioner
clearly never received).
and;
Article Six, paragraph two, of the
Constitution of the United States
sets out what is known as the
supremacy Clause:
" This Constitution and the laws of
the United States made in pursuance
thereof shall be the supreme law
of the land... anything in the
constitution or laws of any state
to the contrary notwithstanding; and

(5)

the judges in every state are bound
there by ..."
   In short all federal law preempts
any conflicting state laws; and
all state judges are under a sworn
Oath, to uphold and support the Const-
itution and laws of the United States;
which means that in this instance
the State Court Judge not only abused
his discretion in not holding a required
evidentiary hearing; but in doing
so, he violated his Oath to uphold
and support the Constitution and
laws of the United States.

2) Did the State Trial Court Judge violate
the Judicial Canon's of Ethics and his
Oath of Office by not maintaining
professional competence in his Court?

In the instant case the State Trial
Court Judge was made aware of
the false testimony that was used
by the State's Prosecutor to gain
this illegal conviction; But he
refused to correct this fundamental

(6)

miscarriage of justice; but instead he choose to criminally conspire with the State's Prosecutor, and mis-use his authority under color of law; so that an innocent man would be another conviction on his record. (another illegal conviction on his record).

The Judicial Canon's of Ethics, Canon B (1), clearly hold's that, "A Judge should diligently discharge, his administrative responsibilities, maintain professional competence in the judicial administration, and facilitate the performance of the administrative responsibilities of other judges and Court Officials (such as Prosecutor's).
"Canons of Judicial Ethics apply to All judge's in Alabama and carry the force and effect of law".
(See) Canon's of Judicial Ethics, Canon's 3, C, C (1); W.L. Judges-Keys - 11, 11 (2); Const. of Ala. 1901, sect. 147.

(7)

The United States Supreme Court, made clear in Schauer vs. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974) that, "When (as in this instance) a state officer (Judge, Prosecutor, etc.) Acts under a state law, in a manner violative of the Constitution... he" comes into conflict" with the superior authority of the Constitution, and he is, in that case", stripped", of his/her official Representative character and is" in his person" responsible to the consequences of his actions, or individual conduct."

"The State, has No power to impart to him, any immunity from responsibility to the Supreme authority of the United States. (quoting) ExParte Young, 209 U.S. 123, 52 Led. 714, 28 S.Ct. 441.

"No Legislator, or state Executive, or Judicial Officer, can (as was done in this instance) "War" against the Constitution without violating his "Oath" to support it."(see) Cooper vs. Aaron, 358 U.S. 1, 788 S.Ct. 1401

(8)

(1958).

Section One of the Fourteenth Amend-
ment to the Constitution of the United
States guarantees all citizen's the
rights to due process and equal pro-
tection of the laws (that your
petitioner has clearly been denied).
And ;

Article Six, paragraph two, of the
Constitution of the United States sets
out what is known as the supremacy
Clause :
"This Constitution and the laws of the
United States made in pursuance
thereof shall be the supreme law
of the land ... anything in the
constitution or laws of any state
to the contrary notwithstanding ;
and the judges in every state are
bound thereby ... "

In short all federal law preempts
any conflicting state laws ; and
all judges are under a sworn Oath
to uphold and support the Constitu-
tion and laws of the United States ;
and clearly does not allow them to

(9)

criminally conspire with the State's
Prosecutor to violate any of the
laws of the Constitution of the
United States, as was done in this
instance.

3) Did the State Prosecutor Error by
criminally conspiring with a Police
Officer to present false testimony
to gain this illegal conviction?

The State's Prosecutor in this instance
has a total disregard for the law;
and the only thing on his mind is
getting a conviction; even if he
has to do as he did in this instance
and use false testimony to sway
the jury.

The United States Supreme Court held
in Blackburn vs. State of Alabama,
80 S.Ct. 274, 361 U.S. 199, 4 L.ed. 2d. 242,
that, "The Due Process Clause of the
Fourteenth Amendment to the
Constitution of the United States
... forbids fundamental unfairness

(10)

in the use of evidence ... whether
true or false, in a criminal
prosecution".
The United States Supreme Court,
Also hold that (as in this instance)
"A new trial is required if the
false testimony, ... in any reasonable
likelihood, affected the judgement
of the jury." (See) Alcorta vs. Texas
355 U.S. 28 (1957); Napue vs. Illinois,
360 U.S. 264 (1959); Giglio vs. United
States, 405 U.S. 150 (1972).

"A Prosecutor who (as in this instance),
while acting within the scope of
his duties in initiating and prosecu-
ting a case, willfully deprives the
accused of his Constitutional
rights is subject to criminal pun-
ishment under Title # 18 U.S.C.S.
sect. 242, which makes it a crime
for a person, acting under color
of law, to deprive another of any
right protected by the Constitution
or laws of the United States, and
is subject to professional discipline,

(11)

or disbarment."

"The Prosecutor has the duty to bring
to the attention of the Court, or of
proper officials all significant
evidence suggestive of innocence
or mitigation; at trial, such
duty is enforced by the requirements
of due process; But (as in this
instance) after a conviction the
Prosecutor, is also bound by the
Ethics of his office to inform the
appropriate authority of after
acquired, or other information
that casts doubt upon the correctness
of the conviction." (See) Imbler
vs. Pachtman, 424 U.S. 409, 47 L.Ed.2d.
128, 96 S.Ct. 984 (1976).

In short the State Prosecutor in
this instance had a sworn obligation
to correct this manifest miscarriage
of justice; but instead he choose
to criminally conspire with a
City Police Officer in a vindictive
manner to aquire an illegal
conviction, against your innoc-
ent Petitioner.

(12)

4) Did the incompetent and ineffective trial counsel Error by not objecting to this fundamental miscarriage of justice?

The prejudicial and deficient performance of the incompetent and ineffective trial counsel fell below the expected norms guaranteed by The Sixth Amendment to the Constitution of the United States and caused this fundamental miscarriage of justice.

The Court in Harris's vs. Oliver, 645 F2d. 327 (5th Cir, 1981) held that, "Absence of findings in state Court postconviction proceedings, as to disputed historical facts, coupled with reliance by state Court on erroneous legal standard for determining effectiveness of counsel's assistance, rendered record of the State Court proceedings insufficient basis for denial, without hearing, of petition for writ of habeas corpus." 28 U.S.C.A. sect. 2254 (d).

(13)

"Effective counsel includes familiarity of counsel with the case and an opportunity to investigate it if necessary in order to meaningfully advise the accused of his options."

In the instant case, counsel never investigated his case or his client; and if he had, he would have clearly seen that his client could not have been guilty of the crime charged; But rather, counsel was more concerned with cooperating with the State's Prosecutor to gain favor's on other unrelated cases.

The United States Supreme Court, made clear in Townsend vs. Sain, 372 U.S. at 322, 83 S.Ct. at 761, that, "When an unresolved factual dispute exists (as it clearly does in this instance) demeanor evidence is significant factor in adjudging credibility. And questions of credibility, of course, are basic to resolution of conflicts in testimony. To be sure, the state court record is competent evidence, and either party may choose to rely solely upon the

(14)

evidence contained in that record, but the petitioner, and the state, "must" be given the opportunity to present _other_ testimonial and documentary evidence relevant to the disputed issues."

There are two grounds upon which a claim of ineffective assistance of counsel can be advanced: (1) the petitioner can argue that (as in this instance) circumstances are so likely to prejudice him that the counsel provided is presumptively ineffective; and (2) the petitioner can argue (that as in this instance) specific errors of counsel at trial were sufficiently serious that the attorney was not acting as competent counsel and that those errors prejudiced the petitioner. (quoting) Johnson vs. Nagle, 58 F. Supp. 2d. 1303 (N. D. Ala. 1999); (citing) Strickland vs. Washington, 466 U.S. 668, 80 L.ed. 2d. 674, 104 S.Ct. 2052 (1984).

(15)

Schaefer, Federalism and State Criminal
Procedure, 70 Harv. L. Rev. 1, 8 (1956),
holds that, "Of all the rights that an
accused person has, the right to be
represented by counsel is by far
the most pervasive, for it affects
his ability to assert any other rights
he may have". The constitutional
guarantee of counsel however, "can-
not be satisfied by mere formal
appointment," Avery vs. Alabama,
308 U.S. 444, 446, 84 Led. 377, 60
S.Ct. 321 (1940). "An accused is
entitled to be assisted by an attorney,
whether retained or appointed, who
plays the role necessary to ensure
that the trial is fair." (this was
clearly never done in this instance),
Strickland, supra, at 685, 80 Led. 2d,
674, 104 S.Ct. 2052. In other words,
the right to counsel is the right to
effective assistance of counsel.
Evitts vs. Lucey, 469 U.S. 387, 395-396,
83 Led. 2d. 821, 105 S.Ct. 830 (1985)

Common sense reinforces the conclusion

(16)

that, "the very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and (as in this instance) that the innocent go free". Evitts vs. Lucey, 469 U.S. 387, 394, 83 Led.2d, 821, 105 S.Ct. 830 (1985) (emphasis added); (quoting) Herring vs. New York, 422 U.S. 853, 862, 45 Led.2d. 593, 95 S.Ct. 2550 (1975).

In short the prejudicial and deficient performance of trial counsel lead to the illegal conviction of an inno-cent man; and caused this funda-mental miscarriage of justice.


## Conclusion

All Premises Considered, and along with the foregoing arguments and rationale, it should be clear that your Petitioner is "in custody" in violation of the Constitution and laws of the United

(17)

States and to allow the continued illegal
incarceration of this innocent man
presents a fundamental miscarriage
of justice.

   The Petitioner's conviction is illegal,
and as he is actually innocent, his
continued incarceration therefore
presents a manifest miscarriage
of justice which circumvents any
defenses that could possibily be raised
by the respondents, and indicates that
his petition for relief is due to be
granted. The complete and total
incompetence of his counsel, defies
logic, and represents a complete
deriliction of the duties criminal
counsel owes to a client. It would be
inequitable to require the service of
a prison term imposed upon an
actually innocent defendant on the
basis of procedural defaults occassi-
oned by a complete lack of informed
counsel. Because the Petitioner is
actually innocent of the crime
charged, and because to allow his
conviction to stand would be a

(18)

fundamental miscarriage of justice, the Petitioner maintains that, despite his prejudiced maneuvering of the legal system thus far, his petition is due to be granted.

Because it is the Petitioner's contention that he is actually innocent, he should be immediately released as his continued incarceration for a crime he did not commit, is the best example of a fundamental miscarriage of justice that exists.

A Petitioner's due diligence justifies equitable tolling of the AEDPA's statute of limitations where (as in this instance) extraordinary circumstances exist. (See) Helton vs. Secretary of the Department of Corrections, 299 F3d. 1310, 1312 (11th Cir. 2001).

However, even if the Court should allow the AEDPA to be argued there are several cases that argue that an actual innocence exception may very well exclude the AEDPA's statute of limitations, (See) Molo vs. Johnson, 207 F3d. 773, 775 (5th Cir.

(19)

2000) (per curium); Rodriguez vs.
Artuz, 990 F.Supp. 275, 283; 161 F3d
763 (2nd Cir. 1998).
 The complete and total denial of all
of your Petitioner's Constitutional
rights; has caused the illegal convic-
tion of an innocent man and rendered
the outcome a fundamental miscarr-
iage of justice.

Respectfully Submitted:
Rodrigues Huguley
Rodrigues Huguley
        Petitioner

                Verification

I hereby swear under penalty of perjury
that the foregoing pleading is true and
correct to the best of my knowledge, infor-
mation and belief.

Executed on this 3nd day of April 2006.

                Rodrigues Huguley
                Rodrigues Huguley - Petitioner

                        (20)

Certificate of Service

I hereby certify that I have served
a copy of the foregoing upon the
Honorable Debra P. Hackett — Clerk ;
United States District Court for the
Middle District of Alabama ; at
Post Office Box 711 ; Montgomery,
Alabama 36101-0711 ; by placing
same in the United States Mail,
postage pre-paid on this 3 $^{rd}$ day
of April 2006 .


Respectfully Submitted :

~~Rodriques Huguley~~
Rodriques Huguley
A.I.S. # 184418
Atmore Work Center
9947 Hwy. 21, N.
Atmore , Al. 36503


( 25 )