THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RODRIGUES HUGULEY, )
AIS #184418, )
 )
Petitioner, )
 ) C.V. NO. 3.06-CV-333-WKW
vs. )
 )
WARDEN SYLVESTER FOLKS, & )
THE ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA, )
 )
Respondents. )

## ANSWER

**GENERAL RESPONSE**

Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated April 24, 2006, state the following:

1. Without waiving any possible other defenses (e.g. procedural default, assertion of claims governed only by state law, unmeritorious or unsupported claims), Respondents assert that the instant petition is due to be dismissed because it is time barred.

2. Respondents deny that Rodrigues Huguley ("Huguley") is innocent, that the State of Alabama has violated any of Huguley's federal or

1

state constitutional rights, and deny each and every ground that Huguley asserts for relief and demand strict proof thereof.

3. Respondents admit that Huguley is currently in the custody of the State of Alabama pursuant to his August 30, 1995 conviction and November 2, 1995 twenty-two year sentence for first-degree robbery, all occurring in Lee County, Alabama. According to the Respondents' most recent records, Huguley is currently housed in the Atmore Work Center Facility at 9947 Highway 21 North, Atmore, Alabama 36503.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On August 30, 1995, a Lee County Circuit Court jury convicted Huguley of first-degree robbery. (Exhibit A at C. 3) On November 2, 1995, the Lee County trial court sentenced Huguley to serve a prison term of twenty-two years on his first-degree robbery conviction. (Id.)

5. Huguley filed a direct appeal of his conviction, and, on October 11, 1996, the Alabama Court of Criminal Appeals affirmed it. (See Exhibit B.) On direct appeal, Huguley raised four claims. First, he complained that the evidence was insufficient to justify his conviction, but this claim was procedurally barred. (See Exhibit B at page 1.) Second, he asserted that the trial court erred in denying his motion for a new trial premised upon alleged

juror misconduct, but this claim failed as being completely unsupported. (Exhibit B at page 2) Third, he asserted that, for no specific reason, there was not a proper jury charge covering "adverse statements by accomplices", however, this claim failed as procedurally barred. (Exhibit B at page 2) Fourth, he argued ineffective assistance, but this claim was also procedurally barred. (Exhibit B at pages 2-3) Huguley then failed to file a petition for Supreme Court of Alabama certiorari review regarding his direct appeal, and thus, on October 29, 1996, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C)

### Huguley's Rule 32 Post-Conviction Petition

6. On November 14, 1996, Huguley filed a Rule 32 post-conviction petition in Lee County Circuit Court, alleging various claims. (Exhibit D at pages 10-37) On August 25, 1997, the trial court summarily dismissed Huguley's Rule 32 petition. (Exhibit D at page 41) (According to the trial court's summary dismissal order, Huguley had also filed a previous Rule 32 petition but apparently failed to appeal the trial court's order of denial in that case.) On May 23, 1997, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal order. (Exhibit E) Huguley failed to file a petition for writ of certiorari regarding this ruling, and thus, on June 10,

1997, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit F)

### The Instant Federal Habeas Petition

7. On April 12, 2006, Huguley filed the instant federal habeas petition, wherein he asserts four claims: The trial court should have granted his "new evidence" claim, that the trial court engaged in unethical and criminal conduct by conspiring against him, that the prosecution knowingly used perjured testimony, and that his trial counsel was ineffective for inadequate investigation and not preventing the use of allegedly perjured testimony. [Incidentally, Respondents' current records, and even Huguley's Section 2254 petition, indicate that none of these claims were presented throughout the Alabama appellate court system as required by cases such as Collier v. Jones, 910 F. 2d 770, 773 (11th Cir. 1990) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) . (See Huguley's Section 2254 petition at pages 6-11.)]

### APPLICATION OF THE TITLE 28 U.S.C. §2244(d) LIMITATION PERIOD

8. According to the Respondents' calculations, and as strongly suggested by Huguley's admission at page 14 of his Section 2254 petition, his petition is time-barred on its face.

4

9. The applicable section of the statute of limitation of provision of Section 2244 reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection.

10. Subsection (d) of the statute "is designed to curtail collateral review and augment the finality of judgment . . ." Lindh v. Murphy, 96 F.3d 856, 865 (7th Cir. 1996).

11. The instant petition is clearly time-barred. Here, Huguley, despite instituting short periods of tolling by way of two Rule 32 petitions filed in the mid-1990's, has waited far too long to file the instant petition. Specifically, the last Rule 32 petition of which Respondents are currently aware was finalized almost nine years ago on June 10, 1997 when the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit F) Even if Huguley had filed his first Rule 32 petition

the next day after his direct appeal was finalized and his second petition the next day after his first Rule 32 petition was finalized, the time for filing this Section 2254 petition still expired almost seven years ago.

12. Specifically, Huguley had until June 11, 1998 to file the instant petition. Fed. R. Civ. P. Rule 6(a); Ross v. Artuz, 150 F. 3d 97, 103 (2d Cir. 1998). Because he did not file it until April 3, 2006, the Section 2244(d) limitation period had long expired, and, hence, this Court must dismiss it with prejudice.

## **CONCLUSION**

Because Huguley's Title 28 U.S.C. Section 2254 petition is clearly time-barred, this Court must dismiss it with prejudice.

Respectfully submitted,

Troy King
Attorney General
By:

*/s/ Hense R. Ellis II*
Hense R. Ellis II
Deputy Attorney General

## EXHIBITS[1]

| | |
|---|---|
| Exhibit A | Lee County Circuit Court Clerk's record of Huguley's conviction; |
| Exhibit B | Alabama Court of Criminal Appeals affirmance of Huguley's conviction; |
| Exhibit C | Certificate of Judgment regarding Huguley's direct appeal; |
| Exhibit D | Lee County Circuit Court Clerk's record of Huguley's Rule 32 petition proceedings; |
| Exhibit E | Alabama Court of Criminal Appeals affirmance of the denial of Huguley's Rule 32 petition; |
| Exhibit F | Certificate of Judgment regarding Huguley's Rule 32 petition dismissal. |

---

[1] The exhibits will be filed conventionally under separate cover on Friday, June 9, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, a copy of the foregoing was served on the petitioner by placing the same in the United States mail, first class postage prepaid and addressed as follows:

Rodrigues Huguley
AIS #184418
Atmore Work Release Facility
9947 Highway 21, North
Atmore, AL 36503


/s/ Hense R. Ellis II
Hense R. Ellis II
Deputy Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7300; (334) 549-3408
140661/HUGULEY, RODRIGUES
94484-001