# Court of Criminal Appeals
## State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555



SAM TAYLOR
Presiding Judge
JOHN PATTERSON
H. WARD McMILLAN
FRANCIS ALLEN LONG, SR.
SUE BELL COBB
Judges

Clerk's Office
(334) 242-4590

## MEMORANDUM

CR-95-0597

Lee Circuit Court No. CC-95-741

Rodriques G. Huguley v. State

**Affirmed by memorandum.** The appellant was convicted of first degree robbery, a violation of § 13A-9-41, Ala.Code 1975. He was subsequently sentenced to 22 years' imprisonment.

I.

The appellant contends that the evidence was insufficient to support the verdict. Specifically, he argues that the sole evidence against him was presented by his alleged accomplice, and thus, should not have been sufficient to convict.

However, the appellant failed to present this issue to the trial court. "This issue has not been preserved for appellate review because the question of sufficiency of the evidence was never presented to the trial court. There was no motion for a judgment of acquittal and there was no other motion, objection, or request seeking similar relief." Ryans v. State, 629 So.2d 799, 799 (Ala.Cr.App. 1993) (citations omitted). Therefore, this court need not address any of the merits of the appellant's claim.

II.



The appellant contends that the trial court erred by failing to grant his motion for a new trial. Specifically, he alleges that his trial counsel witnessed one of the jurors asking a witness for the prosecution about certain facts of the case.

The record is devoid of evidence, other than the appellant's unsupported claims in his motion for new trial, to support this contention. "'Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.' Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978). 'A motion for a new trial must be heard and determined on the evidence submitted on that motion and on the evidence heard on the main trial, though not reintroduced.' Taylor v. State, 222 Ala. 140, 141, 131 So. 236 (1930)." Daniels v. State, 416 So.2d 760, 762 (Ala.Cr.App. 1982). The record reveals that the appellant failed to offer any proof whatsoever in support of his motion for new trial. "The motion was unverified and was not accompanied by any affidavits in support of this bare allegation.'" McLemore v. State, 562 So.2d 639, 641 (Ala.Cr.App. 1989). "'Consequently, the assertions of counsel contained therein 'are bare allegations and cannot be considered as evidence or proof of the facts alleged.'" Arnold v. State, 601 So. 2d 145, 154 (Ala.Cr.App. 1992), quoting Thompson v. State, 444 So.2d 899, 902 (Ala.Cr.App. 1984)." Hawkins v. State, 615 So.2d 651, 654 (Ala.Cr.App. 1992).

As the appellant's claim amounted to "bare accusation," the trial court did not err in denying the appellant's motion for new trial.

### III.

The appellant contends that the trial court erred by failing to properly instruct the jury on the law regarding adverse statements by accomplices. However, the record reveals that the appellant failed to preserve this issue.

> "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Rule 21.2, Ala.R.Crim.P. Also see Farley v. City of Montgomery, [Ms. CR-94-1489, December 29, 1995] ___ So.2d ___, ___ (Ala.Cr.App. 1995). Examination of the record reveals that the appellant failed to object to the given jury charges. Accordingly, this issue is not properly before this court and need not be addressed on its merits.

### IV.

The appellant contends that he received ineffective assistance of counsel. In support of this claim, he argues that trial counsel's performance was insufficient in that he (1) failed to make

2

certain objections, (2) did not sufficiently investigate the alleged crime, (3) failed to file pre-trial motions, and (4) neglected to impeach his alleged accomplice.

In his reply brief, the appellant concedes that the issue of ineffective assistance of counsel was not presented to the trial court. It is well settled that "[a]n ineffective assistance claim that was not raised in the trial court cannot be addressed by this court on direct appeal. The trial court has not had an opportunity to develop evidence by holding a hearing on the merits of the issue. Dossey v. State, 489 So.2d 662 (Ala.Cr.App. 1986)." McLeod v. State, 627 So.2d 1063, 1064 (Ala.Cr.App. 1992). The appellant had ample opportunity to raise his ineffective assistance of counsel claim and could have done so, but did not, in his motion for new trial.

For the reasons stated above, the judgment of the trial court is due to be affirmed.

ALL JUDGES CONCUR.