COURT OF CRIMINAL APPEALS NO._____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

## FROM

### CIRCUIT COURT OF ___LEE___ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC 95 741.60___

CIRCUIT JUDGE ___HON ROBERT M HARPER___

**Type of Conviction / Order Appealed From:** ___RULE 32 PETITION___

**Sentence Imposed:** ___RULE 32 PETITION DENIED ON 8/25/97___

**Defendant Indigent:** [X] YES  [ ] NO

___RODRIQUES G HUGULEY___                    AIS#184418

                                        **NAME OF APPELLANT**

PRO-SE
(Appellant's Attorney)                    (Telephone No.)
L O DAVIS FOUNTAIN #4000
(Address)
ATMORE  AL  36503
(City)              (State)              (Zip Code)

**V.**

### STATE OF ALABAMA

(State represented by Attorney General)          **NAME OF APPELLEE**
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____
_____

(For Court of Criminal Appeals Use Only)

Exhibit D

# I N D E X

CASE ACTION SUMMARY -------------------------------------------------- 002

IN FORMA PAUPERIS DECLARATION ---------------------------------------- 007

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE ---------------------- 010

SUPPLEMENTAL TO RULE 32 APPLICATION FOR RELIEF GROUNDS FOR PETITION-- 018

DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF
DEFENDANT'S WRIT OF ERROR CORAM NOBIS -------------------------------- 038

ORDER --------------------------------------------------------------- 041

NOTICE OF APPEAL ---------------------------------------------------- 042

CLERK'S CERTIFICATE OF COMPLETION ----------------------------------- 044

ACS0389   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E

CA    ACTION SUMMARY
JNTINUATION                                                    000002

|  | | CASE: CC 95 000741. |
| STATE OF ALABAMA | VS   HUGULEY RODRIGUES G | JUDGE ID:  RMH |

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 9/4/97 | NOTICE OF APPEAL |
| 9/10/97 | Notice of Appeal to the Court of Criminal Appeals |

ACS0370  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                                    000003

IN THE CIRCUIT COURT OF                                        CASE: CC 95 000741.
STATE OF ALABAMA              LEE       COUNTY
                                 VS    HUGULEY RODRIGUES G                JUDGE:
CASE: CC 95 000741.60                  AIS#184418
                                       —JO. Davis fountain 4000   0000
DOB: 07/06/77   RACE: B  SEX:  M       Atmore Al 36503
SSN: 257332906   ALIAS NAMES:                      HT:            HR:        EYE:

CHARGE1: RULE 32-FELONY
CHARGE2:                               CODE1: RULE LIT: RULE 32
CHARGE3:                               CODE2:                        TYPE
MORE?:        OFFENSE DATE:            CODE3:                        TYPE
                                      AGENCY/OFFICER: MAPD     REGISTE   TYPE
DATE WAR/CAP ISS:
DATE   INDICTED:              DATE ARRESTED:
DATE   RELEASED:              DATE  FILED:
     BOND AMOUNT:        $. 00 DATE  HEARING: 11/15/96
                                        SURETIES:
DATE 1:          DESC:
DATE 2:          DESC:         TIME:  0000
                              TIME:  0000
DEF/ATY: pro-se
PROSECUTOR: MYERS, RONALD L    TYPE: S
                                                                   TYPE:
OTH CSE: 0000000000    CHK/TICKET NO:
COURT REPORTER                SID NO: 000000000
DEF STATUS: PRISON     DEMAND:                      GRAND JURY: 000
                                                   OPID: KAH
   DATE         ACTION, JUDGMENTS, CASE NOTES

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 11/14/96 | Petition for Relief From Conviction or Sentence |
| 11/14/96 | Brief and Argument In Support of Rule 32 |
| 11/14/96 | In Forma Pauperis Declaration |
| 11/18/96 | District Attorney's Response and Motion for Summary Dismissal of Defendant's |
|  | Writ of Error Coram Nobis |
| 11/21/96 | Petitioner's Opposition to the District Attorney's Response and Motion |
|  | for Summary Dismissal |
| 12-12-96 | Order that the Motion for Summary Dismissal is Granted and Petition is Dismis |
| 12-27-96 | Notice of Appeal |
| 1-3-97 | Notice of Appeal to the Alabama Court of Criminal Appeals |
| 1-6-97 | CLERK'S CERTIFICATE OF COMPLETION -- TRANSCRIPT MAILED |
| 1-8-97 | Reporter's Transcript Order -- Docketing Statement |
| 1-8-97 | MOTION TO SUPPLEMENT OR CORRECT THE CLERK'S RECORD |
| 1-8-97 | ORDER TO SUPPLEMENT THE RECORD |
| 1-16-97 | SUPPLEMENTAL TRANSCRIPT MAILED |
| 5-23-97 | Affirmed by Memorandum–All the Judges Concur |
| 6-10-97 | CERTIFICATE OF JUDGMENT OF AFFIRMANCE |
| 7-16-97 | Petition for Relief From Conviction or Sentence |
| 7-16-97 | Informa Pauperis Declaration |
| 7-16-97 | Supplemental to Rule 32 Application |
| 8-25-97 | Motion for Evidentiary hearing |
| 8-25-97 | District Attorney's Response and Motion for Summary Dismissal of Defendant's |
|  | Writ of Error Coram Nobis |
| 8-25-97 | Order Denying Petition |

000004

| State of Alabama<br>Unified Judicial System<br>Form C-7 Rev. 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br>CC95-741 ___<br>ID    YR    Number |
| --- | --- | --- |

Style:

State vs. Rodriques G. Huguley

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
| --- | --- |
| 3-15-96 | Motion for Extension of Time -- Order Granting 28 day extension. |
| 3-21-96 | CLERK'S CERTIFICATE OF COMPLETION - TRANSCRIPT MAILED TO ALA. COURT OF APPEALS |
| 10/11/96 | Affirmed by Memorandum - All Judges Concur |
| 11/1/96 | Certificate of Final Judgment of Affirmance |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | 000005 Case Numbe |
|---|---|---|
| Form C-7 Rev 2/79 | | CC 95-741 |
| Style: | | ID    YR    Numb |

State v. Rodriques G. Huguley

Page Number _____ of _____ P

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 8-29-95 | Defendant having been arraigned upon an indictment on a charge of Robbery I _____ and having pled not guilty, issue joined and not plea. Trial of this cause was conducted on the __29th__ day of __August__, 19 95 , said jurors do say:

We, the jury, find the Defendant, Rodriques Huguley, guilty of Robbery I as charged in the indictment.
        Kyle R. Hildreth, Foreman*
It is the judgment of the Court that Defendant is guilty and sentencing hearing is set for October 26, 1995, at 8:00 A.M.  Defendant is remanded to jail until date of such hearing.

FILED SEP 05 '95 IN OFFICE |
| 9-28-95 | Order that the hearing in this case is continued to November 2, 1995, at 8:00 |
| 11/2/95 | Defendant's Application for Probation is denied.

It is the sentence of the Court that the Defendant be imprisoned in the penitentiary of the State of Alabama for a term of 22 years on which he is given credit for __60__ days in pretrial confinement; pay a fine in the amount of $ _____; pay court costs; reimburse fees for court-appointed counsel in the amount of $ _____; pay restitution of $ _____ to the Circuit Clerk; pay a Victim Compensation Assessment (Section 15-23-17) in the amount of $ __50.00__.  All payments shall be paid by $50.00 per month as a condition of release at time of release.

THIS DEFENDANT IS NOT ELIGIBLE FOR CLASS I STATUS UNDER SECTION 14-9-41, CODE OF ALABAMA 1975.  THIS OFFENSE DID/DID NOT OCCUR ON OR AFTER MAY 19, 1980.
FILED NOV 07 '95 IN OFFICE |
| 11-8-95 | Prison transcript |
| 11-13-95 | Motion for New Trial |
| 11-16-95 | Order Denying Motion for New Trial |
| 12-27-95 | Notice of Appeal |
| 12-27-95 | Notice of Appeal to the Alabama Court of Criminal Appeals |

104

ACS0370  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R    000006

CASE ACTION SUMMARY
CIRCUIT CRIMINAL

IN THE CIRCUIT COURT OF    LEE    COUNTY                    CASE: CC 95 000741.00
STATE OF ALABAMA                        VS

CASE: CC 95 000741.00                      HUGULEY RODRIGUES G          JUDGE: RMH
                                           7308 CO RD 82

DOB: 07/06/77    RACE: B  SEX:  M          LANETT, AL 36863 0000
SSN: 257332906   ALIAS NAMES:              HT:  0 00  WT: 000  HR:              EYE:

CHARGE1: ROBBERY 1ST
CHARGE2:                                   CODE1:  ROB1 LIT: ROBBERY I          TYPE: F
CHARGE3:                                   CODE2:                              TYPE:
MORE?:        OFFENSE DATE:                CODE3:                              TYPE:
DATE WAR/CAP ISS:                          AGENCY/OFFICER: MAPD    REGISTE
DATE    INDICTED:  07/28/95
DATE    RELEASED:                          DATE ARRESTED:  07/24/95
         BOND AMOUNT:   $100,000.00        DATE   FILED:  08/02/95
                                           DATE HEARING:
DATE 1:  08/10/95  DESC:  ARRG                        SURETIES:
DATE 2:  08/25/95  DESC:  TRAL             TIME:  0900 A
DEF/ATY: Gillenwaters,  ~R                 TIME:  0900 A
PROSECUTOR: MYERS, RONALD L                TYPE:

OTH CSE: 0000000000                                                          TYPE:
COURT REPORTER      CHK/TICKET NO:
DEF STATUS: BOND    DEMAND:    SID NO:  000000000           GRAND JURY: 245
                                                           OPID: LEW
DATE
8-2-95   DISCOVERY ACTION, JUDGMENTS, CASE NOTES

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 8-4-95 | NOTICE OF ARRAIGNMENT TO DEFENDANT AND SURETIES |
| 8-10-95 | On this day the defendant, with his attorney, Hon. makes application for Youthful Offender Treatment. Hearing on said application is hereby set for August 11, 19 95 at 9:00 A. M. |
| 8-11-95 | After investigation and examination of the defendant by this Court, defendant's application of Youthful Offender Treatment is hereby denied |
|  | The Defendant in open court accompanied by attorney of record, and being duly arraigned does plead not guilty. The Defendant is granted five (5) days to file motions or special pleas. This case is set for trial on the 25 day of August, 19 95, at 9:00 A.M. Pending trial, defendant is remanded to jail/released on present bond. |
| 8-11-95 | Motion for Continuance |
| 8-11-95 | Request of Defendant for Production by State |
| 8-15-95 | STATE'S MOTION FOR DISCOVERY |

103

000007

**Case Number**

| ID | YR | NUMBER |
|---|---|---|

**(To be completed by Court Clerk)**

# IN FORMA PAUPERIS DECLARATION

*RODRIGES HUGULEY*

(Petitioner)

vs.

*STATE OF ALABAMA*

(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, Rodriques Huguley_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No __✓____

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____N/A_____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____NEVER WORK_____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____     No _____

   b. Rent payments, interest, or dividends?

   Yes _____     No _____

   c. Pensions, annuities, or life insurance payments?

   Yes _____     No _____

   d. (Gifts) or inheritances?

   Yes _✓_____     No _____

   e. Any other sources?

   Yes _____     No _____

F I L E D

JUL 16 1997

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

000008

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_I receive $20.00 or $30.00 dollars_
_from family members some times._

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____            No __✓__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_N/A_

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____            No __✓__

If the answer is "yes", describe the property and state its approximate value.

_N/A_

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_N/A_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __6/13/97__
                (Date)

_Rodriquez Huguley_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ __148⁹⁶__ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said __Fountain Corr. Center__ institution:

_See attached monthly averages printout._

__6-23-97__
DATE

_Sylvia D. Harrelson_
AUTHORIZED OFFICER OF INSTITUTION

000009

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
FOUNTAIN CORRECTIONAL CENTER

AIS #: 184418                    NAME: HUGULEY, RODRIQUES

THESE FIGURES ARE AS OF: 06/20/97

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| DEC | 11 | $0.00 | $0.00 |
| JAN | 31 | $10.79 | $40.00 |
| FEB | 28 | $30.99 | $40.00 |
| MAR | 31 | $64.59 | $85.00 |
| APR | 30 | $69.52 | $196.15 |
| MAY | 31 | $166.63 | $0.00 |
| JUN | 20 | $164.26 | $0.00 |

Average 6 Months Balance          $84.46          $60.19

*Sylvia D. Harrelson*
Sylvia D. Harrelson, PMOD Clerk

STATE OF ALABAMA, ESCAMBIA COUNTY, SWORN TO AND SUBSCRIBED BEFORE ME THIS
23rd DAY OF JUNE, 1997.

_____, Notary Public

MY COMMISSION EXPIRES 5/23/98

000010

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

F I L E D

JUL 16 1997

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**Case Number**

| | 95 | 741 |
|---|---|---|
| ID | YR | NUMBER |

IN THE _LEE COUNTY CIRCUIT_ COURT OF _OPELIKA_ ALABAMA

_RODRY EYES AUGULEY_ vs. _STATE OF ALABAMA_
Petitioner (Full Name)                          Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _#184418_ Place of Confinement _FOUNTAIN CORR. FAC._

County of conviction _LEE COUNTY, ALABAMA_

**NOTICE:** BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _LEE COUNTY CIRCUIT COURT_
   _OPELIKA, ALABAMA_

2. Date of judgment of conviction _NOVEMBER 2ND 1995_

3. Length of sentence _TWENTY TWO #22 YEARS._

4. Nature of offense involved (all counts) _FIRST DEGREE ROBBERY_
   _13-A-8-41, CODE OF ALABAMA, 1975_

5. What was your plea?   (Check one)
   **(a)** Guilty _____
   **(b)** Not guilty _✓_
   **(c)** Not guilty by reason of mental disease or defect

000011

6. Kind of trial: (Check one)

    (a)  Jury __✓__             (b)  Judge only _____

7. Did you testify at the trial?

    Yes __✓__             No _____

8. Did you appeal from the judgment of conviction?

    Yes __✓__             No _____

9. If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _COURT OF CRIMINAL APPEALS_ _MONTGOMERY, ALABAMA_

        (2)  Result _____

        (3)  Date of result _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court ____N/A_____

        (2)  Result ____N/A_____

        (3)  Date of result ____N/A_____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court ____N/A_____

        (2)  Result ____N/A_____

        (3)  Date of result ____N/A_____

000012

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ___✓___            No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _LEE COUNTY CIRCUIT COURT_

(2) Nature of proceeding _RULE #32 PETITION_

(3) Grounds raised _INEFFECTIVE THE ASSISTANCE OF COUNSEL, JURY INSTRUCTIONS._

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No ___✓___

(5) Result _DENIED_

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court ___N/A___

(2) Nature of proceeding ___N/A___

(3) Grounds raised ___N/A___

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No ___✓___

(5) Result ___N/A___

(6) Date of result ___N/A___

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court ___N/A___

000013

(2) Nature of proceeding _____ *N/A* _____

(3) Grounds raised _____ *N/A* _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____ *N/A*    No _____

(5) Result _____ *N/A* _____

(6) Date of result _____ *N/A* _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.        Yes ✓                No _____

(2) Second petition, etc.      Yes _____           No _____

(2) Third petition, etc.       Yes _____           No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ *N/A — APPEAL* _____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

✓    A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

000014

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____  B.  <u>The court was without jurisdiction to render the judgment or to impose the sentence.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  C.  <u>The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  D.  <u>Petitioner is being held in custody after his sentence has expired.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____  E.  <u>Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:</u>

<u>The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and</u>

<u>The facts are not merely cumulative to other facts that were known; and</u>

<u>The facts do not merely amount to impeachment evidence; and</u>                    000015

<u>If the facts had been known at the time of trial or sentencing, the result would probably have been different; and</u>

<u>The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— F.   <u>The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.</u>

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

<u>"Successive Petitions</u>.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.   Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____              No ____✓____

B.   If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)   Name of court _____ N/A _____

(b)   Result _____ N/A _____

(c)   Date of result _____ N/A _____
(attach additional sheets if necessary)

C.   If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____              No ____✓____

000016

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___ *NO PRELIMINARY HEARING* ___

(b) At arraignment and plea ___ *CHARLES STILLWELL AT LAW* ___

(c) At trial ___ *CHARLES STILLWELL AT LAW* ___
*ALEX CITY, ALABAMA*

(d) At sentencing ___ *CHARLES STILLWELL* ___

(e) On appeal ___ *CHARLES CONLEY* ___

(f) In any post-conviction proceeding ___ *N/A* ___

(g) On appeal from adverse ruling in a post-conviction proceeding ___ *N/A* ___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____        No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___ *N/A* ___

(b) And give date and length of sentence to be served in the future: _____
___ *N/A* ___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____  *N/A*  No _____

18. What date is this petition being mailed?
*7-14-97*

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

000017

# PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____7/11/97_____ .
                    (Date)

_Rodriguez Huguley_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _11TH_ day of _July_ _____ 19 _97_ .

_Quenton Worrell_
Notary Public

## OR

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , 19 _____ .

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

000018

IN THE CIRCUIT COURT OF OPELIKA
COUNTY, ALABAMA

RODRIGUES HUGHLEY
PETITIONER.

~VS~

STATE OF ALABAMA

CASE NUMBER #
CC-95-741

SUPPLEMENTAL TO RULE #32 APPLICATION
FOR RELIEF GROUNDS FOR PETITION

F I L E D
JUL 1 6 1997
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

000019

THE CONSTITUTION OF THE UNITED STATES
OF ALABAMA REQUIRES A NEW TRIAL A NEW
SENTENCE PROCEEDING OR OTHER RELIEF:

NEWLY DISCOVERED MATERIAL FACTS EXIST
WHICH REQUIRE THAT THE CONVICTION OR SENT-
-ENCE BE VACATED BY THE COURT. BECAUSE:

<u>SWORN AFFIDAVIT</u>:

I AM the applicant in this case. ANDREW'S HU-
-BULEY. duly sworn under oath as to the follo-
-wing affidavit the facts was not known by the
Petitioner until a jail house lawyer in prison
discovered that the prosecution and district
attorney office of Lee County Alabama. WITH
HELD "EXCULPATORY EVIDENCE" AND AS OF THIS
day and since was not given this evidence to the
petitioner or the grand jury or court. which can
show the innocent of the crime charge here in
and due to the state district attorney office
with held this information. the petitioner did
not receive a fair trial: LLOYD-VS-STATE. 577.
So. 2d. 926. ALA. CR. APP. 1991. BROOKS-VS-STATE. 591
So. 2d. 586. ALA. CR. APP. 1991.

000020

Rodriquez Hugley,
PETITIONER

SWORN TO AND SUBSCRIBED TO BEFORE ME AND
GIVEN UNDER MY HAND AND OFFICIAL SEAL
THIS ___ 11TH ___ DAY OF July ___ IN.
NOTARY REPUBLIC: Quenten Wonell
MY COMMISSION EXPIRES: 11/98

000021

# GROUND ONE FOR RELIEF:

CONVICTION OBTAINED BY THE UNCONSTI-
-TUTIONAL FAILURE OF THE PRASECUTION TO
DISCLOSE TO THE DEFENDANT EVIDENCE FAV-
-ORABLE TO THE DEFENDANT. PETITIONER CONT-
-ENDS HIS SUBJECT CONVICTION IS IN VIOL-
-ATION OF THE DUE PROCESS AND EQUAL PROT-
-ECTION CLAUSE OF THE UNITED STATES CONSTI-
-TUTION AND LAWS.

---

THE DISTRICT ATTORNEY OFFICE OF LEE
COUNTY ALABAMA WITH HELD "EXCULPATORY
EVIDENCE" ON RESPONSE TO DISCOVERY ORDER.
THE PETITIONER CONTENDS THAT ALONE VIOLATED
HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL. THE
THE PRASECUTION NOT WITH HELD THE VICTIM
HARRY CARPENTER STATEMENT WHICH SAID THAT
RODRIGUEZ HUGHLEY WAS NOT THE INDIVIDUAL
THAT "ROBBERY" HIM. AND HAD THE PRASECUTION
NOT WITH HELD THIS INFORMATION COUNSEL
COULD HAVE FILE MOTIONS IN BEHALF OF THE
PETITIONER AND THE OUTCOME OF THE INDICT-
-MENT WOULD HAVE BEEN DIFFERENT. THE IN-

000022

-NSEL WAS ENTITLE TO THIS LEGAL EVIDENCE SO THAT PRETRIAL PREPARATION OF THE SUBJECT CASE DEFENSE. THE PROCEDURE WOULD HAVE BEEN DIFFERENT AND THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT. THE PETITIONER WAS "PREJUDICIAL" BY THE PROSE-CUTION "ERROR" ALSO SEE SECTION 13-10-129. TAM-PERING WITH PHYSICAL EVIDENCES. THE DIST.-ICT ATTORNEY DELINE WITH HELD THAT EVIDENCE BECAUSE IT WOULD HAVE SHOWED THE PETITIONER INNOCENT OF THE CRIME. THE IMPORTANCE OF THESE REQUIREMENTS WAS STRESSED IN THIS CASE. SCALAFENHAUF-VS-HOLDER. 379. U.S. 104. 85. S. Ct. 234. 13. L. Ed. 2d. 152. 1964. BRADY-VS-MAR-YLAND. 373. U.S. 83. 10. L. Ed. 2d. 215. 83. S. Ct. 1194. 1963. MCMILLIAN-VS-STATE. 594. So. 2d. 1253. ALA. CR. APP. 1991. THAT CASTS THE PROSECUTOR IN THE ROLE OF AN ARCHITECT OF A PROCEEDING THAT DOES NOT COMPORT WITH STANDARDS OF JUSTICE. THE PETITIONER WAS NOT DEEMED THE NOTICE OF "COMPLICITY" THE SUPPRESSION OF COMPLICITY AND STATEMENT ITSELF WAS SUFFICIENT TAM-OUNT TO A DENIAL OF DUE PROCESS. NAPUE~VS~ ILLINOIS. 360. U.S. 264. 269. 3. L. Ed. 2d. 1217. 1911. 79. S. Ct. 1173. MOONEY VS. ...

000023

79. S. CT. L. ED. 791. 55. S. 340. 98. ALR. 406. BRADY-
-VS- KANSAS. 317 U.S. 213. 215. 87. L. ED. 214. 63. S. CT. 177.
AND FROM THE DELIBERATE SUPPRESSION BY
THESE SAME AUTHORITIES OF EVIDENCE FAVORABLE
TO HIM, THE PETITIONER MOVED THE TRIAL COU-
-RT FOR A NEW TRIAL BASED ON THE NEWLY DIS-
-COVERED EVIDENCE THAT HAD BEEN SUPPRESSED
BY THE PROSECUTION. THE PETITIONER FURTHER
AUXILLARY REQUEST OF DEFENDANT FOR PRODUCTION
BY THE STATE. SEE EXHIBIT "A" #1. INSPECT
AND COPY ANY WRITTEN OR RECORDED STATEMENTS.

000024

EXHIBIT "A"

IN THE CIRCUIT COURT OF LEE COUNTY
AT OPELIKA, ALABAMA

STATE OF ALABAMA          )
                          )
VS.                       )
                          )          CASE NO. CC-95-741
                          )
RODRIQUES HUGULEY         )
DEFENDANT                 )

## REQUEST OF DEFENDANT FOR PRODUCTION BY STATE

EXHIBIT "A"

Defendant, RODRIQUES HUGULEY, hereby requests the State of Alabama:

1.    To produce and permit the defendant to inspect and copy any written or recorded statements made by the defendant to any law enforcement officer, official or employee which are within the possession, custody, or control of the State of Alabama, the existence of which is known to the district attorney.

2.    To produce and permit the defendant to inspect and copy any written or recorded statements made by a co-defendant or accomplice, which is in the possession, custody or control of the State, the existence of which is known to the district attorney and which the State intends to offer into evidence at trial.

3.    To disclose the defendant the substance of any oral statement made by the defendant before or after to any law enforcement officer, official or employee which the State intends to offer into evidence at trial.

4.    To disclose to the defendant the substance of any oral statements made by a co-defendant or accomplice before or after arrest to a law enforcement officer, official or employee, which the State intends to offer into evidence.

000025

5.    To produce and to permit the defendant to analyze, inspect, and copy or photograph each of the following which are within the possession, custody or control of the State and which are material to the defendant's defense:    books, documents, photographs, objects, and controlled substances.

6    To produce and to permit the defendant to analyze, inspect, and copy or photograph each of the following which re within the possession, custody or control of the State and which are intended for use by the State as evidence at trial:    books, documents, photographs, objects, and controlled substances.

7.    To produce and to permit the defendant to analyze, inspect, and copy or photograph each of the following which re within the possession, custody or control of the State and which were obtained from or belonged to the defendant: books, documents, photographs, objects, and controlled substances.

8.    To produce and permit the defendant to inspect and copy the names and addresses of qualified mental health professionals who have personally examined the defendant or any evidence in this case.

9.    To provide and permit the defendant to inspect and copy the following results or reports made in connection with this case, which are within the possession, custody or control of the State, and whose existence is known to the district attorney: Physical or mental examinations and scientific tests, experiments or comparisons, including all written reports or statements made by an appointed mental health professional in connection with the case.

10.    To permit the defendant to enter _____

_____

000021

Inspection of these premises and objects is requested because they are material to the preparation of the defendant's defense or are intended for use by the State as evidence at trial.

DONE this the 10th day of August, 1995.

Respectfully submitted,

CHARLES R. GILLENWATERS - GIL002
Attorney for Defendant

Counsel's Address:

126 Marshall Street
Alexander City, AL 35010
(205) 234-5018

## Certificate of Service

I hereby certify that I have served a copy of the foregoing document on each of the following by sending a copy of same by first class U.S. Mail, postage prepaid and properly addressed to: RON MYER, DISTRICT ATTORNEY FOR LEE COUNTY, BOX 2524, OPELIKA, ALABAMA 36803, on this the 10th day of August, 1995.

Of Counsel

000027

## GROUND TWO FOR RELIEF:

PROSECUTION FAILED TO MEET ITS BURDEN OF EXCLUDING EVERY REASONABLE HYPOTHESIS OTHER THAN THAT OF GUILT OF THE ACCUSED

WHERE DEFENDANT'S CONVICTION WAS BASED SOLELY ON CIRCUMSTANTIAL EVIDENCE. IF THE CIRCUMSTANCES ADDUCED AT TRIAL CAN BE RECONCILED WITH A THEORY THAT SOMEONE OTHER THAN DEFENDANT MAY HAVE DONE THE CRIMINAL ACT. DEFENDANT CONVICTION SHOULD BE REVERSED.

PROSECUTION DID NOT MEET ITS BURDEN OF EXCLUDING EVERY REASONABLE HYPOTHESIS OTH-ER THAN THAT OF THE GUILT OF DEFENDANT. SO AS TO SUSTAIN "ROBBERY" CONVICTION. WHERE DEFENDANT WAS CONVICTED SOLELY ON EVIDENCE THAT DEWAYNE P. CLARK WAS IN POSSESSION OF VARIOUS ITEMS WHICH HAD BELONGED TO THE VICT-IM HARRY CARPENTER. AND THE PROPERTY OF THE HEART OF AUBURN MOTEL CORPORATION. AND THE EVIDENCE AT TRIAL SHOWED AN INDIVIDUAL OTHER THAN THE DEFENDANT AND ADMITTED TO POLICE

000028

THAT DEWAYNE P. CLARK. DONE THE ROBBERY
SEE: AUBURN POLICE DEPARTMENT STATEMENT
BY DEWAYNE P. CLARK. WHERE CLARK ADM-
-ITTED TO SGT. WILLIAM RAMSEY THAT HE
DEWAYNE P. CLARK "I DID THE ROBBERY
AND I AM SORRY" THAT ALONE EXCLUDED
EVERY REASONABLE HYPOTHESIS OF THE ACU-
-SED IN THIS CASE THAT RODRIGUES AUBREY
COMMITTED THE ROBBERY IN THIS CASE.
THERE IS EVIDENCE IN THIS CASE IS A
SWORN "AFFIDAVIT OF DEWAYNE CLARK STAT-
-ING THAT DEWAYNE CLARK MADE A FALSE
STATEMENT CONCERNING THE ELEMENTS OF
THE CRIME. AND THE IDEA TO ROB THE HOTEL
WAS DEWAYNE P. CLARK PLAN. THIS STATEMENT
IS SWORN AND NOTARY BY A REPUBLIC. THAT
THE AUBURN POLICE DEPARTMENT COACHED THE
DEWAYNE P. CLARK IN TO MAKING THE "FALSE
STATEMENT" AT RODRIGUES AUBREY TRIAL.
SEE: ATTACH AFFIDAVIT OF DEWAYNE P. CLARK.
ALSO THE STATE PROSECUTOR PROVED THAT DEW-
-AYNE P. CLARK HAD IN HIS POSSESSION BEFORE
THE "ROBBERY" A GUN AND SKI-MASK. AND
AFTER THE ROBBERY CLARK HAD VARIOUS ITEMS
WHICH HAD BELONGED TO THE HOTEL OF AUBURN
MOTEL CORPORATION. ITEMS LIKE "MONEY"

000029

THAT WAS RECOVERED FROM DEWAYNE CLARK AT
THE TIME OF HIS ARREST. THE MONEY FROM
THE HEART OF AUBURN MOTEL CORPORATION.

## GROUND FOR RELIEF:

THE EVIDENCES IN THIS CASE IS THAT THE
STATE FAILED TO PROVE THAT RODRIGUES
HUNLEY HAD THE SPECIFIC INTENT TO COMMIT-
TED THE CRIME OF ROBBERY AND THAT HE PER-
FORMED ANY "OVERT ACTNE" TOWARD THE COMMIT-
SSION OF THE ROBBERY AS REQUIRED UNDER THE
SESSION 13A-8-41 FIRST DEGREE ROBBERY. CODE
OF ALABAMA 1975. THE PETITIONER DID NOT COMMIT
THE NECESSARY 2-ELEMENTS THAT CONSTITUTES
FIRST DEGREE ROBBERY. SEE: EX PARTE BROWN-
VS-STATE. 499 So.2d 787. ALA.APP. 196. ALSO.SEE
EXHIBIT "R" REPORTING OFFICER: THATHER
BADGE # 1620. STATED THAT RODRIGUES HUNLEY
REPORTED THAT DEWAYNE P. CLARK POINTED A GUN
AT ME AND JUMPED IN MY CAR. SEE: EX PARTE
McREE 63 ALA 234 (1879) THE PETITIONER STATES
HE IS DUE A NEW TRIAL ARE NEW SENTENCE PRO-
-CEEDING.

002030

OVER 100 YEARS AGO IN EX PARTE ACREE, 63, ALA 234 (1879). THIS COURT DISCUSSED WHAT WAS NECESSARY IN ORDER TO CONVICT A PERSON BY THE USE OF CIRCUMSTANTIAL EVIDENCE. THE HUMANE PROVISIONS OF THE LAW ARE THAT A PRISONER, CHARGED WITH A FELONY, SHOULD NOT BE CONVICTED ON CIRCUMSTANTIAL EVIDENCE, UNLESS IT SHOWS BY A FULL MEASURE OF PROOF THAT THE DEFENDANT IS GUILTY. SUCH PROOF IS ALWAYS INSUFFICIENT, UNLESS IT EXCLUDES TO A MORAL CERTAINTY, EVERY OTHER REASONABLE HYPOTHESIS, BUT THAT OF THE GUILT OF THE ACCUSED, NO MATTER HOW STRONG THE CIRCUMSTANCES, IF THEY CAN BE RECONCILED WITH THE THEORY THAT SOME OTHER PERSON MAY HAVE DONE THE ACT, THEN THE DEFENDANT IS NOT SHOWN TO BE GUILTY BY THAT FULL MEASURE OF PROOF WHICH THE LAW REQUIRES. THERE WAS EVIDENCE THAT DEWA-YNE P. CLARK. TOLD THE POLICE THAT HE COMMITTED THE "ROBBERY" AND RELAYED CERTAIN FACTS TO THE COMMON KNOWLEDGE AND THAT OF THE FACT PATTERN OF THE "ROBBERY" LIKE ESCAPING WITH THE MONEY. SEE "EXHIBIT" (A). STATEMENT TO THE AUBURN POLICE DEPARTMENT.

EXHIBIT (A)

# AUBURN POLICE DEPARTMENT

000031

**TATEMENT OF:**    Dewayne P. Clark

**ADDRESS:**    1366 County Rd. 261, Five Points, AL

**PHONE NUMBER:**    864-7666

**DATE:**    07-24-95

**PAGE  1  OF  1  PAGES**

My name is Dewayne Clark and I am 18 years old and I can read and write. I have read my rights form. I understand my rights and signed my form.

On July 23, 1995 at about 10:30 p.m. I rode into Lafayette, AL. I got with "Ookie" Rodregues Huguley, he was driving a blue Grand Am 2 door. He pulled over and I got out to talk with him. WE talked about getting paid and needing some money. "Ookie" said let's go jack somebody and I said O.K. He said he knew of a place in Auburn so we drove to Auburn. He gave me a black ski mask and a small silver gun. He told me it was loaded and you needed to racket to get a bullet up in it. We rode by a hotel and he told me that was it. We went over a street and I got out and walked into the back area of the hotel. Ookie told me he was going inside to act like he was getting a room and he would give me the signal to come in. He said he would tap his head, which he did. I went inside with the gun and the ski mask on. I told the man to give me the money and I gave him a bag to put it in. I had gotten the bag from outside the Spectrum in Lafayette, AL.

After I got the money I left and went out the back way. I put the gun and ski mask by a tree. I was looking for "Ookie" and the car. When I saw him coming back for me the police pulled up and got out and said stop. I jumped into "Ookie's " car and we drove off. Another police car was behind us. We drove for a few blocks and Ookie told me to get out because they had his tag number. I got out and ran and threw the money over a wall and laid down, but the police caught me. Ookie planned it all and he drove and gave me the gun and mask. I did the robbery and I am sorry. I have known "Ookie" for about three (3) years. I went to high school with him. Sgt. Ramsey read this out loud and I read along with him. Sgt. Ramsey asked me if this was right and I replied "Yes Sir."

This is a true statement.

Dewayne P. Clark

t. William Ramsey  07-24-95  02:55





000032

FROM: OMNIFAX      TO:      205 234 0094     AUG 25, 1995 11:44AM #011 P.01

*EXHIBIT "B"*

**STATE OF ALABAMA**

NICK ABBETT
CHIEF ASSISTANT DISTRICT ATTORNEY

GAIL S. McCOLLUM
ASSISTANT DISTRICT ATTORNEY

K. KENNETH WILKES
ASSISTANT DISTRICT ATTORNEY

MARGARET MAYFIELD
ASSISTANT DISTRICT ATTORNEY

WALTER M. NORTHCUTT
ASSISTANT DISTRICT ATTORNEY

TERRI MORRIS
EXECUTIVE ASSISTANT

BARBARA R. BARRINGTON
VICTIM ASSISTANCE OFFICER

VALERIE M. LINCOLN
SECRETARY

LAURA L. CUNNINGHAM
SECRETARY

**RONALD L. MYERS**
DISTRICT ATTORNEY
THIRTY-SEVENTH JUDICIAL CIRCUIT OF ALABAMA
LEE COUNTY JUSTICE CENTER
2311 HAMILTON ROAD
P.O. BOX 2524
OPELIKA, ALABAMA 36803-2524

OFFICE PHONE:
AC 205 749-7148
HOME PHONE:
AC 205 887-9990
FAX PHONE:
AC 205 745-5161

CHILD SUPPORT DIVISION
749-7141 - EXT. 284
LINDA WEAVER
ADMINISTRATIVE ASSISTANT

MANDY CHAPPELL
ENFORCEMENT WORKER

WORTHLESS CHECK UNIT
749-7145

YOLANDA D. FEARS
COORDINATOR

THALIA R. HARDNETT
SECRETARY

VANESSA D. RAY
CLERK

# T R A N S M I T T A

TO:    _CHARLES GILLENWATERS_

PHONE #: (_205_) _234 0094_

FROM: _NICK ABBETT_

_DISCOVERY - STATE IS MURDER_

DATE: _8/25/95_    TIME: _11:43 AM_

THIS TRANSMISSION CONSISTS OF THIS COVER PAGE AND

_2_ ADDITIONAL PAGES.

IF A REPLY IS REQUESTED BY FAX, PLEASE USE (205) 745-5161.
IF A REPLY IS REQUESTED BY PHONE, PLEASE USE (205) 749-7148

000033

OMNIFAX    TO:    205 234 0094    AUL 5, 1995 11:45AM #011 P.03

EXHIBIT (8)

_Huguley_

The driver of the vehicle exited and stated, "They went that way." Officer Ricks stated he was J-3 with the suspect he was chasing. I then took the driver into custody until Cpl. Register arrived on the scene. After I read him his rights, the driver made the statement, "He pointed a gun at me and jumped in my car." He also stated, "Man, I was in there when he robbed the place. I didn't do nothing."

REPORTING OFFICER: J.H. Hillyer    BADGE #: 3620

000034

ROM:OMNIFAX    TO:    205 234 0094    AUG 25, 1995 11:45AM #011 P.02

# AUBURN DEPARTMENT of PUBLIC SAFETY
## AUBURN POLICE DIVISION

DATE: _7/24/95_

TIME: _0900_

LOCATION: _APD_

### YOUR RIGHTS

I, _RODREGUEZ HUGHEY_, am now _18_ years of age, born _7/6_, 19_77_ at _UNKNOWN_. I now reside at _7308 County Rd 87, Lanett AL_. I went to the _12th_ grade in school and I can/cannot read and write.

I have been advised that I must understand my rights before I answer any questions. I have the right to remain silent. Anything I say will be used against me in court. I have the right to talk to a lawyer for advice before I answer any questions and to have him with me during questioning. I have the same right to the advice and presence of a lawyer, even if I cannot afford one. The police cannot furnish me with a lawyer, but one will be appointed for me, if I wish, by the court. If I wish to answer questions now without a lawyer present, I also have the right to stop answering questions at anytime until I talk to a lawyer.

### WAIVER

The above rights have been read (to) (by) me. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

SIGNED: _Rodriguez Hughey_

WITNESSED: _Paul Pratt_

"EXHIBIT"

000035

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

RODRIQUES G. HUGULEY,          )
     PETITIONER,          )
                 )
VS.          )
                 ) CASE NO. CC-95-741
STATE OF ALABAMA,          )
     RESPONDENT.          )

### AFFIDAVIT OF DEWAYNE CLARK

I DeWayne Clark, first being duly sworn and deposes on oath that I (Dewayne Clark), can read and write, and competent to testify to the facts contained herein. That I am a defendant in the case of Rodriques Huguley, Case number CC95-741.

I further state that on July 24, 1995, I made a statement to members of the Auburn Police Department, stating that Rodriques and I robbed a hotel, in which he planned the idea, and finished the gun and ski mask for the crime. I DeWayne Clark, also testified at the trial of Rodriques G. Huguley vs. State of Alabama, in which I stated that this act was the idea of Huguley, and not mine.

I DeWayne Clark asserts that I made a false statement concerning the elements of this crime. Rodriques Huguley, knew nothing of this crime, nor my desire to rob the hotel. I learned of this hotel because Rodriques told me where he was going, therefore, I decided to rob it.

I was told by the Auburn Police Department that they wanted Rodriques Huguley, along with several other assertions concerning

000036

Page two (Affidavit of DeWayne P. Clark)

Him. Therefore, being that I was scared, and Rodriques seem to be the perfect scape-goat, I decided to go along with what the police wanted. Rodriques didn't know I was going to rob the hotel, and assumed that if I robbed the place while Rodriques was there, I would gain assistance. Rodriques should not have even known it was me until after I have robbed the hotel. There was no prior plan or conversation concerning myself and Rodriques of a robbery, specifically the hotel.

Auburn Police Department coached me in making and preparing the statement to include Rodriques, in which I stayed with during the trial.

State of Alabama
County of Elmore

Sworn to and subscribed before my hand on this 27th day of November _____, 1996.

DeWayne P. Clark

Notary Public

My commission expires: 4-28-98

000037

# CONCLUSION

THE PETITIONER WAS IMPROPERLY CONVIC- TED. THUS, IF THE CIRCUMSTANCES CAN BE RECONCILED WITH THE THEORY THAT SOMEONE ELSE MAY HAVE DONE THE ACT, THEN THE CONVIC- TION IS DUE TO BE REVERSED. WE ARE OF THE OPINION THAT, IN THE CASE BEFORE US, THE CIRCUMSTANCES ARE SUCH THAT THE ACT MIGHT VERY WELL HAVE BEEN DONE BY SOMEONE OTHER THAN THE DEFENDANT. THEREFORE, THE CONVICT- ION MUST BE REVERSED.

RESPECTFULLY SUBMITTED,

Rodriguez Huguley

## CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING RULE #32 PETITION ON THE ALABAMA ATTORNEY GENERAL, BY MAILING SAME TO THE CIRCUIT COURT OF OPELIKE, LEE COU... ALABAMA BY UNITED STATES MAIL, FIRST CLASS POSTAGE PRE-PAID, THIS 14 DAY OF July 1997.

000038

STATE OF ALABAMA,

                PLAINTIFF,                IN THE CIRCUIT COURT OF

                                            LEE COUNTY, ALABAMA

        VS.

Rodrigues Huguley

                DEFENDANT.                CRIMINAL CASE NO(S).CC-95-741



FILED AUG 2 5 1997 IN OFFICE CORINNE T. HURST CIRCUIT CLERK

## DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF DEFENDANT'S WRIT OF ERROR CORAM NOBIS (ACTUAL RULE 32 PETITION)

    Comes now the State of Alabama, by and through its Chief Assistant District Attorney, Nick Abbett, and shows unto the Court as follows:

    1)    The State denies each and every allegation in defendant's petition.

    2)    That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1 (a), (b), (c), (d) or (e) of the Alabama Rules of Criminal Procedure.

    3)    The defendant is precluded from relief pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure because the grounds alleged in defendant's petition:

[]    may still be raised on direct appeal under the Alabama Rules of appellate Procedure or by post-trial motion under Rule 24.

[X]    was raised or addressed at trial.

[X]    could have been but were not raised at trial, unless the ground for relief arises under Rule 32.1(b).

[X]    were raised or addressed on appeal or in a previous collateral proceeding.

[X]    could have been but were not raised on appeal, unless the ground for relief arises under Rule 32.1(b).

[X]    Defendant's petition is due to be dismissed because said petition is a second or successive petition on the same or similar grounds on behalf of the same petitioner.

[X]    Defendant's petition is due to be dismissed because said petition is a second or successive petition alleging a new ground or grounds that were known or could have been ascertained through reasonable diligence when the first petition was heard and failure to entertain this petition will not result in a miscarriage of justice.

000039

[X] Defendant's petition is due to be dismissed because it is not meritorious on its face and fails to state a claim for which relief can be given.

[] Defendant's petition is due to be dismissed because said petition was not filed within the allowable period of limitation as set out in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

[X] Defendant's petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.

[]  _____
    _____
    _____
    _____
    _____
    _____

Wherefore, the premises considered, the State of Alabama moves this Court to Summarily Dismiss Defendant's petition because the petition is not sufficiently specific, is precluded, fails to state a claim, and/or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.

Respectfully Submitted,

NICK ABBETT
CHIEF ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

000040

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this date, _August 25, 1997_ served a copy of the foregoing Motion upon the defendant, Rodrigues Huguley, #184418, Fountain Correctional Facility, Fountain 38, Atmore, AL 36503, by placing a copy of same in the U.S. Mail, postage prepaid.


NICK ABBETT
CHIEF ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

000041

# IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,

v.

RODRIQUES G. HUGULEY,

    Defendant.

\*
\*
\*
\*
\*
\*

CIVIL ACTION NO. CC 95-741

## ORDER

This matter is before the Court on PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO RULE 32 filed by the Petitioner, pro se. This is a second petition filed by this inmate. Accordingly, this petition is DENIED.

Done and Ordered this 25th day of August, 1997.

Robert M. Harper
Circuit Judge

Copy to:
    Ronald L. Myers
    Rodriques G. Huguley

FILED

AUG 25 1997

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LEE COUNTY
ALABAMA

000042

RODRIGUES E HUFFLEY.
DEFENDANT.

~ VS ~

STATE OF ALABAMA

F I L E D
SEP 0 4 1997
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

CASE NUMBER #
CC-95-741

NOTICE OF APPEAL

Come now the above-named person pro-se. in the above style cause file this notice of appeal from the decision rendered by this court on the 25th day of August, 1997. Accordingly denied petition For Rule #32. and request that no portion of the original records file in this court.

00004

## CERTIFICATE OF SERVICE

I hereby certify that I have served
a true copy of the foregoing notice of
appeal this 4th _____ day of SEPTEMBER 1997.
upon the circuit court of LEE COUNTY, ALA-
-BAMA by depositing same in the U.S. mail at
I.O. DAVIS CORR. CENTER postage prepaid.

Rodriguez Huguley

SWORN TO AND SUBSCRIBED BEFORE ME THIS
3rd _____ day of September _____ 1997.

NOTARY REPUBLIC: Quenton Worrell

COMMISSION EXPIRES: 11/98

REV. 4/1/97

# NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

RODRIQUES G HUGULEY

**APPELLANT'S NAME**
(as it appears on the indictment)

V.     [ X ]  **STATE OF ALABAMA**
[   ]  **CITY OF** _____

[ X ] **CIRCUIT**   [ ] **DISTRICT**   [ ] **JUVENILE COURT OF** _____  **APPELLEE**

**CIRCUIT/DISTRICT/JUVENILE JUDGE:**  HON ROBERT M HARPER _____  **COUNTY**

**DATE OF NOTICE OF APPEAL:**    SEPTEMBER 4, 1997

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**

Granted Indigency Status at Trial Court:
Appointed Trial Counsel Permitted to Withdraw on Appeal:     ☐ Yes ☐ No
Indigent Status Revoked on Appeal:     ☐ Yes ☐ No
                                       ☐ Yes ☐ No

**DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?     ☐ Yes ☐ No

**TYPE OF APPEAL:** (Please check the appropriate block.)

☐ State Conviction          ☐ Pretrial Appeal by State       ☐ Juvenile Transfer Order
☒ Rule 32 Petition          ☐ Contempt Adjudication          ☐ Juvenile Delinquency
☐ Probation Revocation      ☐ Municipal Conviction           ☐ Habeas Corpus Petition
☐ Mandamus Petition         ☐ Writ of Certiorari             ☐ Other(specify) _____

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

**TRIAL COURT CASE NO.:**  CC 95 741.60

**DATE ORDER WAS ENTERED:**    8/25/97

**PETITION:** ☐ Dismissed  ☒ Denied  ☐ Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**

**DATE OF CONVICTION:** _____

**YOUTHFUL OFFENDER STATUS:**     **DATE OF SENTENCE:** _____
Requested: ☐ Yes ☐ No     Granted: ☐ Yes ☐ No

**LIST EACH CONVICTION BELOW:** (attach additional page if necessary)

1. Trial Court Case No. _____
   Sentence: _____   CONVICTION: _____
2. Trial Court Case No. _____
   Sentence: _____   CONVICTION: _____
3. Trial Court Case No. _____
   Sentence: _____   CONVICTION: _____

**POST-JUDGMENT MOTIONS FILED:** (complete as appropriate)

| | Date Filed | Date Denied | Continued by Agreement To (Date) |
|---|---|---|---|
| ☐ Motion for New Trial | | | |
| ☐ Motion for Judgment of Acquittal | | | |
| ☐ Motion to Withdraw Guilty Plea | | | |
| ☐ Motion in Arrest of Judgment | | | |
| ☐ Other _____ | | | |

**COURT REPORTER(S):** _____
**ADDRESS:** _____

**APPELLATE COUNSEL:** _____
**ADDRESS:** _____

**APPELLANT:** (IF PRO SE)    AIS# 184418
**ADDRESS:**    J O DAVIS  FOUNTAIN #4000
               ATMORE  AL  36503

**APPELLEE** (IF CITY APPEAL): _____
**ADDRESS:** _____

I certify that the information provided above is accurate
to the best of my knowledge and I have

000044

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

RODRIQUES G HUGULEY
**Appellant**

V.

**State of Alabama**
**Appellee**

TO: The Clerk of the Court of
Criminal Appeals of Alabama

Case No. _____ CC 95 741.60 _____

Date of Notice of Appeal __9/4/97__

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___44___ pages) ( _____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___15TH___ day of __SEPTEMBER_____, 19 _97_ .

_____
Circuit Clerk

_____
County