

# COURT OF CRIMINAL APPEALS

STATE OF ALABAMA

JUDICIAL BUILDING, 300 DEXTER AVENUE

P. O. BOX 301555

MONTGOMERY, ALABAMA 36130-1555

FRANCIS ALLEN LONG, SR.
Presiding Judge
H. WARD McMILLAN
SUE BELL COBB
JEAN WILLIAMS BROWN
PAMELA W. BASCHAB
Judges



Clerk's Office
(334) 242-4590

MEMORANDUM

CR-96-0607                    Lee Circuit Court No. CC-95-741.60

Rodriques G. Huguley v. State

Affirmed by Memorandum. Rodriques G. Huguley was convicted of robbery in the first degree and was sentenced to 22 years' imprisonment. His conviction was affirmed on direct appeal. He then filed a post-conviction petition pursuant to Rule 32, Ala.R.Crim.P., which petition was summarily dismissed by the circuit court. This appeal follows.

In his petition, Huguley makes claims of ineffective assistance of both trial and appellate counsel.[1] Specifically, Huguley claims that his trial counsel was ineffective because, (1) he failed to preserve a challenge to the sufficiency of the evidence by making a motion for a judgment of acquittal, (2) he failed to properly support his motion for a new trial, and (3) he failed to interpose a proper and specific objection to certain jury instructions. On direct appeal, Huguley's appellate counsel raised numerous other claims of ineffective assistance of trial counsel, which were deemed barred by this court because they had not been

---

[1] We note from the record that Huguley was convicted on August 29, 1995, while the procedure for raising claims of ineffective assistance of counsel, set forth in Ex parte Jackson, 598 So.2d 895 (Ala. 1992), was in effect. See Ex parte Ingram, 675 So.2d 863, 865 (Ala. 1996) (overruling Jackson procedure effective after February 23, 1996).

Exhibit E

first presented to the trial court. Because of his appellate counsel's failure to use the Jackson procedure to raise all the above claims of ineffective assistance of trial counsel, Huguley argues that his appellate counsel was also ineffective.

To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To support the prejudice prong of the Strickland test, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. In addition, the defendant must affirmatively prove prejudice. 466 U.S. at 693, 104 S.Ct at 2067.

In its order dismissing Huguley's petition, the circuit court states that it "has an independent recollection of the trial of this case and has referred to its notes made during the course of the trial" and that even had Huguley's trial counsel made a motion for a judgment of acquittal or had he filed a properly supported motion for a new trial, the circuit court would have denied both of these motions. (C. 19.) See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989). In addition, Huguley has failed to show that he was prejudiced by these errors, as required by Strickland. In fact, he makes no allegation of prejudice, but merely lists these claims as trial counsel errors. As a result, we find that these claims of ineffective assistance of trial counsel are without merit.

Logically, it follows that if his trial counsel was not ineffective regarding these particular claims, then his appellate counsel was not ineffective for failing to raise these claims to the trial court. See Alderman v. State, 647 So.2d 28, 31 (Ala.Cr.App. 1994) (If trial counsel is not ineffective, the appellate counsel cannot be ineffective for failing to question, on appeal, trial counsel's performance). There were other assertions of ineffective assistance which were raised on direct appeal, but which were found to be procedurally barred because they were not raised first in the trial court. (C. 24.) However, these amount to no more than a laundry list of actions which Huguley claims were not taken by his trial counsel. Nowhere in this list does Huguley allege prejudice, much less "affirmatively prove prejudice" as required by Strickland.

"The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."

Rule 32.3, Ala.R.Crim.P.

"The petition must contain a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any

further proceedings."

Rule 32.6(b), Ala.R.Crim.P. Huguley's petition failed to meet the standard enunciated in either of these rules; therefore, the circuit court did not err in summarily dismissing his petition.

The judgment of the circuit court is affirmed.

ALL THE JUDGES CONCUR.