THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODRIGUES HUGULEY,<br>AIS #184418,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN SYLVESTER FOLKS, &<br>THE ATTORNEY GENERAL FOR<br>THE STATE OF ALABAMA,<br><br>Respondents. | C.V. NO. 3.06-CV-333-WKW |

## RESPONDENTS SUPPLEMENTAL ANSWER

### GENERAL RESPONSE

Come the Respondents in the above-styled cause, by and through the Attorney General of the State of Alabama, and, in response to this Honorable Court's Order dated June 14, 2006, state the following:

1. Without waiving any possible other defenses (e.g. procedural default, assertion of claims governed only by state law, unmeritorious or unsupported claims), Respondents assert that the instant petition is due to be dismissed because it is time barred.

2. Respondents deny that Rodrigues Huguley ("Huguley") is innocent, that the State of Alabama has violated any of Huguley's federal or

state constitutional rights, and deny each and every ground that Huguley asserts for relief and demand strict proof thereof.

3. Respondents admit that Huguley is currently in the custody of the State of Alabama pursuant to his August 30, 1995 conviction and November 2, 1995 twenty-two year sentence for first-degree robbery, all occurring in Lee County, Alabama. According to the Respondents' most recent records, Huguley is currently housed in the Atmore Work Center Facility at 9947 Highway 21 North, Atmore, Alabama 36503.

## PROCEDURAL HISTORY

### Trial and Direct Appeal

4. On August 30, 1995, a Lee County Circuit Court jury convicted Huguley of first-degree robbery. (Exhibit A at C. 3) On November 2, 1995, the Lee County trial court sentenced Huguley to serve a prison term of twenty-two years on his first-degree robbery conviction. (Id.)

5. Huguley filed a direct appeal of his conviction, and, on October 11, 1996, the Alabama Court of Criminal Appeals affirmed it. (See Exhibit B.) On direct appeal, Huguley raised four claims. First, he complained that the evidence was insufficient to justify his conviction, but this claim was procedurally barred. (See Exhibit B at page 1.) Second, he asserted that the trial court erred in denying his motion for a new trial premised upon alleged

juror misconduct, but this claim failed as being completely unsupported. (Exhibit B at page 2) Third, he asserted that, for no specific reason, there was not a proper jury charge covering "adverse statements by accomplices"; however, this claim failed as procedurally barred. (Exhibit B at page 2) Fourth, he argued ineffective assistance, but this claim was also procedurally barred. (Exhibit B at pages 2-3) Huguley then failed to file a petition for Supreme Court of Alabama certiorari review regarding his direct appeal, and thus, on October 29, 1996, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit C)

### Huguley's Various Rule 32 Post-Conviction Petitions

6. On November 14, 1996, Huguley filed what is apparently his first Rule 32 post-conviction petition in Lee County Circuit Court, alleging various claims. (Exhibit G at pages 6-13) On December 12, 1996, the trial court summarily dismissed that petition. (Exhibit G at C. 19) On May 23, 1997, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal order. (Exhibit E) Huguley failed to file a petition for writ of certiorari regarding this ruling, and thus, on June 10, 1997, the Alabama Court of Criminal Appeals entered the related certificate of judgment. (Exhibit F)

7. On July 16, 1997, Huguley filed a second Rule 32 petition challenging his

robbery conviction. (Exhibit D at C. 10-37) On August 25, 1997, the trial court summarily dismissed Huguley's Rule 32 petition. (Exhibit D at page 41) On October 27, 1997, the Alabama Court of Criminal Appeals dismissed Huguley's appeal in that matter. Huguley v. State, 727 So. 2d 187 (Ala. Crim. App. 1997) (table).

8. On October 4, 2005, Huguley filed a Motion For New Trial, which the trial court properly treated as yet another Rule 32 petition and denied on November 17, 2005. (Exhibit H at C. 2) The State has no indication that Huguley appealed the trial court's summary dismissal order regarding this third post-conviction filing. Whether he appealed that particular dismissal order is actually irrelevant to Respondents' assertion of a Section 2244 time bar.

9. On March 13, 2006, Huguley filed yet another Rule 32 petition. (Exhibit I at C. 1 and C. 12-51) On March 20, 2006, the trial court denied Huguley's latest and possibly last Rule 32 petition. (Exhibit I at C. 2) The State has no indication that Huguley appealed the trial court's latest summary dismissal order. (Exhibit I at C. 1)

10. The State has no indication that Huguley filed any post-conviction petitions between the Alabama Court of Criminal Appeals's October 27,

1997 dismissal of his second post-conviction petition and the October 4, 2005 filing of his third post-conviction petition (or motion).

### The Instant Federal Habeas Petition

11. On April 3, 2006, Huguley filed the instant federal habeas petition, wherein he asserts four claims: The trial court should have granted his "new evidence" claim, that the trial court engaged in unethical and criminal conduct by conspiring against him, that the prosecution knowingly used perjured testimony, and that his trial counsel was ineffective for inadequate investigation and not preventing the use of allegedly perjured testimony. [Incidentally, Respondents' current records, and even Huguley's Section 2254 petition, indicate that none of these claims were presented throughout the Alabama appellate court system as required by cases such as Collier v. Jones, 910 F. 2d 770, 773 (11th Cir. 1990) and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) . (See Huguley's Section 2254 petition at pages 6-11.)]

## APPLICATION OF THE TITLE 28 U.S.C. §2244(d) LIMITATION PERIOD

12. According to the Respondents' calculations, and as strongly suggested by Huguley's admission at page 14 of his Section 2254 petition, his petition is time-barred on its face.

13. The applicable section of the statute of limitation of provision of Section 2244 reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted toward any period of limitation under this subsection.

14. Subsection (d) of the statute "is designed to curtail collateral review and augment the finality of judgment . . ." Lindh v. Murphy, 96 F.3d 856, 865 (7th Cir. 1996).

15. The instant petition is clearly time-barred. Here, Huguley, despite instituting short periods of tolling by way of two Rule 32 petitions filed in the 1990's and two more filed in 2005 and 2006 respectively, has waited far too long to file the instant petition. Specifically, Huguley's 1997 petition was finalized on October 27, 1997 when the Alabama Court of Criminal Appeals dismissed Huguley's appeal in that matter. Huguley v. State, 727 So. 2d 187 (Ala. Crim. App. 1997) (table). Any tolling instituted by this second Rule 32 petition thus came to an end on October 27, 1997, and,

6

because he did not file his third Rule 32 petition (which he entitled a Motion for New Trial) until October 4, 2005, the Section 2244 limitation period clearly expired prior to the April 3, 2006 filing of the instant Section 2254 petition. Even if Huguley had filed his first Rule 32 petition the next day after his direct appeal was finalized and filed his second Rule 32 petition the next day after his first Rule 32 petition was finalized, the time for filing this Section 2254 petition still expired over seven years ago in approximately October of 1998. Of course, Huguley was not as diligent as these two assumptions state, but, even if he had been, the Section 2244 time period would still have expired on or near October of 1998.

16. Because he did not file the instant Section 2254 petition until April 3, 2006, the Section 2244(d) limitation period had long expired when he filed the instant petition, and, hence, this Court must dismiss it with prejudice.

## CONCLUSION

Because Huguley's Title 28 U.S.C. Section 2254 petition is clearly time-barred, this Court is compelled by Title 28 U.S.C. Section 2244 to dismiss it with prejudice.

                                  Respectfully submitted,

                                  Troy King (KIN047)
                                  *Attorney General*
                                  By:

                                  /s/Hense R. Ellis II
                                  Deputy Attorney General
                                  IDELLI9296

## EXHIBITS

(exhibits A through F previously submitted)

Exhibit G    Lee County Circuit Court Clerk's record of Huguley's second Rule 32 petition;

Exhibit H    Lee County Circuit Court Clerk's record of Huguley's third post-conviction petition (or motion);

Exhibit I    Lee County Circuit Court Clerk's record of Huguley's fourth Rule 32 petition.

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2006, I electronically filed the foregoing document with exhibits G through I to the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Rodrigues Huguley
>AIS #184418
>Atmore Work Release Facility
>9947 Highway 21, North
>Atmore, AL 36503

>s/Hense R. Ellis II
>Hense R. Ellis II (ELLI9296)
>Office of the Attorney General
>Alabama State House
>11 South Union Street
>Montgomery, AL  36130-0152
>Telephone:  (334) 242-7300
>Fax:  (334) 242-2848
>E-Mail:  hrellis@peoplepc.com

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300