COURT OF CRIMINAL APPEALS No. _____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF ____LEE____ COUNTY, ALABAMA

CIRCUIT COURT NO. __CC95-741.60__

CIRCUIT JUDGE __HON. ROBERT M. HARPER__

Type of Conviction / Order Appealed From: __RULE 32 PETITION__

Sentence Imposed: __PETITION DENIED__

Defendant Indigent: ☒ YES ☐ NO

__RODRIGUES G. HUGULEY__

NAME OF APPELLANT

__PRO SE__
(Appellant's Attorney)                    (Telephone No.)

(Address)

(City)            (State)            (Zip Code)

V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT
6

## I N D E X

|  | PAGE |
|---|---|
| CASE ACTION SUMMARY | 002 |
| PETITION FOR RELIEF FROM CONVICTION OR SENTENCE | 006 |
| DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL | 014 |
| PETITIONER'S OPPOSITION TO THE DISTRICT ATTORNEY'S RESPONSE | 017 |
| ORDER | 019 |
| NOTICE OF APPEAL | 020 |
| CLERK'S CERTIFICATE OF COMPLETION | 021 |

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                    CASE: CC 95 000741.60

JUDGE: RMH

IN THE CIRCUIT COURT OF     LEE     COUNTY
STATE OF ALABAMA          VS     HUGULEY RODRIGUES G
                                 AIS#184418
CASE: CC 95 000741.60            P O BOX 1107
                                 ELMORE, AL  36025 0000

DOB: 07/06/77   RACE: B  SEX:  M        HT:  0 00  WT: 000  HR:         EYE:
SSN: 257332906   ALIAS NAMES:
--------------------------------------------------------------------------------
CHARGE1: RULE 32-FELONY              CODE1: RULE LIT: RULE 32        TYPE: F
CHARGE2:                             CODE2:                          TYPE:
CHARGE3:                             CODE3:                          TYPE:
MORE?:      OFFENSE DATE:            AGENCY/OFFICER: MAPD     REGISTE

DATE WAR/CAP ISS:              DATE ARRESTED:
DATE    INDICTED:              DATE    FILED: 11/15/96
DATE    RELEASED:             DATE HEARING:
        BOND AMOUNT:        $.00           SURETIES:

DATE 1:         DESC:         TIME:   0000
DATE 2:         DESC:         TIME:   0000                     TYPE:
DEF/ATY: pro-se          TYPE: S
PROSECUTOR: MYERS, RONALD L

OTH CSE: 0000000000    CHK/TICKET NO:              GRAND JURY: 000
COURT REPORTER                   SID NO: 000000000           OPID: KAH
DEF STATUS: PRISON       DEMAND:
--------------------------------------------------------------------------------

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 11/14/96 | Petition for Relief From Conviction or Sentence |
| 11/14/96 | Brief and Argument In Support of Rule 32 |
| 11/14/96 | In Forma Pauperis Declaration |
| 11/18/96 | District Attorney's Response and Motion for Summary Dismissal of Defendant's |
|          | Writ of Error Coram Nobis |
| 11/21/96 | Petitioner's Opposition to the District Attorney's Response and Motion |
|          | for Summary Dismissal |
| 12-12-96 | Order that the Motion for Summary Dismissal is Granted and Petition is Dismisse |
| 12-27-96 | Notice of Appeal |
| 1-3-97 | Notice of Appeal to the Alabama Court of Criminal Appeals |

State of Alabama
Unified Judicial System

Form C-7 Rev. 2/79

# CASE ACTION SUMMARY
## CONTINUATION

CC95-741
      TR      Number

Style:

State vs. Rodriques G. Huguley

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 3-15-96 | Motion for Extension of Time -- Order Granting 28 day extension. |
| 3-21-96 | CLERK'S CERTIFICATE OF COMPLETION - TRANSCRIPT MAILED TO ALA. COURT OF APPEALS |
| 10/11/96 | Affirmed by Memorandum - All Judges Concur |
| 11/1/96 | Certificate of Final Judgment of Affirmance |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | Case Number  0004<br>CC 95-741 |
|---|---|---|
| | | ID    YR    Number |

Style:    State v. Rodriques G. Huguley    Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 8-29-95 | Defendant having been arraigned upon an indictment on a charge of Robbery I _____ and having pled not guilty, issue joined on said plea. Trial of this cause was conducted on the ____29th____ day of ____August____, 19 95, said jurors do say:<br><br>    "We, the jury, find the Defendant, Rodriques Huguley, guilty of Robbery I as charged in the indictment.<br>            Kyle R. Hildreth, Foreman"<br>It is the judgment of the Court that Defendant is guilty and sentencing hearing is set for October 26, 1995, at 8:00 A.M.  Defendant is remanded to jail until date of such hearing.<br><br>    FILED SEP 05 '95 IN OFFICE |
| 9-28-95 | Order that the hearing in this case is continued to November 2, 1995, at 8:00 a. |
| 11/2/95 | Defendant's Application for Probation, is denied.<br><br>It is the sentence of the Court that the Defendant be imprisoned in the penitentiary of the State of Alabama for a term of __2-2__ years on which he is given credit for __6 0__ days in pretrial confinement; pay a fine in the amount of $ _____; pay court costs; reimburse fees for court-appointed counsel in the amount of $ _____; pay restitution of $ _____ to the Circuit Clerk; pay a Victim Compensation Assessment (Section 15-23-17) in the amount of $ __50.00__. All payments shall be paid by _____ $50.00 per month as a condition of release at time of release.<br><br>    THIS DEFENDANT IS NOT ELIGIBLE FOR CLASS I STATUS UNDER SECTION 14-9-41, CODE OF ALABAMA 1975.  THIS OFFENSE DID/DID NOT OCCUR ON OR AFTER MAY 19, 1980.<br>    FILED NOV 07 '95 IN OFFICE |
| 11-8-95 | Prison transcript |
| 11-13-95 | Motion for New Trial |
| 11-16-95 | Order Denying Motion for New Trial |
| | 104 |
| 12-27-95 | Notice of Appeal |
| 12-27-95 | Notice of Appeal to the Alabama Court of Criminal Appeals |
| 1-11-96 | Docketing Statement -- Reporter's Transcript order |

ACS0370  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CIRCUIT CRIMINAL                    CASE: CC 95 000741.00

JUDGE: RMH

IN THE CIRCUIT COURT OF    LEE   COUNTY
STATE OF ALABAMA                VS    HUGULEY RODRIGUES Q
                                      7308 CO RD 82
CASE: CC 95 000741.00                 LANETT, AL  36863 0000

DOB: 07/06/77  RACE: B  SEX:  M      HT:  0 00  WT: 000  HR:          EYE:
SSN: 257332906   ALIAS NAMES:

CHARGE1: ROBBERY 1ST               CODE1:  ROB1 LIT: ROBBERY I      TYPE: F
CHARGE2:                           CODE2:                           TYPE:
CHARGE3:                           CODE3:                           TYPE:
MORE?:       OFFENSE DATE:         AGENCY/OFFICER: MAPD     REGISTE

DATE WAR/CAP ISS:                  DATE ARRESTED: 07/24/95
DATE     INDICTED: 07/28/95        DATE     FILED: 08/02/95
DATE   RELEASED:                   DATE  HEARING:
       BOND AMOUNT:     $100,000.00                    SURETIES:

DATE 1: 08/10/95 DESC:  ARRG       TIME:   0900 A
DATE 2: 08/25/95 DESC:  TRAL       TIME:   0900 A

DEF/ATY: Gillenwaters,      -R      TYPE:                          TYPE:
PROSECUTOR: MYERS, RONALD L

OTH CSE: 0000000000     CHK/TICKET NO:                 GRAND JURY: 245
COURT REPORTER                SID NO: 000000000
DEF STATUS: BOND        DEMAND:                        OPID: LEW

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 8-2-95 | DISCOVERY ORDER |
| 8-4-95 | NOTICE OF ARRAIGNMENT TO DEFENDANT AND SURETIES |
| 8-10-95 | On this day the defendant, with his attorney, Hon. _____ makes application for Youthful Offender Treatment. Hearing on said application is hereby set for *August 11*, 19 *95* at *9:00* A. M. |
| 8-11-95 | After investigation and examination of the defendant by this Court, defendant's application of Youthful Offender Treatment is hereby *denied* |
|  | The Defendant in open court accompanied by attorney of record, and being duly arraigned does plead not guilty. The Defendant is granted five (5) days to file motions or special pleas. This case is set for trial on the *25* day of *August* 19 *95* at *9:00* A.M. Pending trial, defendant is remanded to jail/released on present bond. |
| 8-11-95 | Motion for Continuance |
| 8-11-95 | Request of Defendant for Production by State |
| 8-15-95 | STATE'S MOTION FOR DISCOVERY |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

**F I L E D**

NOV 1 4 1996

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

**Case Number**

| CC | 95 | 741 |
|----|----|-----|
| **ID** | **YR** | **NUMBER** |

IN THE _____Circuit_____ COURT OF _____Lee_____, ALABAMA

_____Rodriques G. Huguley_____ vs. _____State of Alabama_____

**Petitioner (Full Name)**                                    **Respondent**

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___184418___ Place of Confinement ___Draper C. C.___

County of conviction _____Lee County, Alabama_____

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1.  Name and location (city and county) of court which entered the judgment of conviction or sentence under attack ___Opelika, Alabama    (Lee County, Alabama)___

2.  Date of judgment of conviction ___August 30, 1995___

3.  Length of sentence ___twent-two (22) Years imprisonment___

4.  Nature of offense involved (all counts) ___Robbery in the first degree___

5.  What was your plea?  (Check one)

    (a)  Guilty _____

    (b)  Not guilty ___XX___

    (c)  Not guilty by reason of mental disease or defect _____

    (d)  Not guilty and not guilty by reason of mental disease or defect _____

6. **Kind of trial: (Check one)**

(a)  Jury __XX__          (b)  **Judge only** _____

7. **Did you testify at the trial?**

Yes __XX__          No _____

8. **Did you appeal from the judgment of conviction?**

Yes __XX__          No _____

9. If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court __Alabama Court of Criminal Appeals__

(2)  Result __Affirmed__

(3)  Date of result _____

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____    No __XX__

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2)  **Nature of proceeding** _____

(3)  **Grounds raised** _____

_____

_____

_____

_____

**(attach additional sheets if necessary)**

   (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

     Yes _____        **No** _____

(5)  Result _____

(6)  Date of result _____

  (d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)  First petition, etc.    Yes _____        No _____

    (2)  Second petition, etc.   Yes _____        No _____

    (2)  Third petition, etc.    Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

  (e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

  __XX__  A.  <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief</u>.

      For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

XX    (9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> **"Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __XX__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __XX__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _Hon. Charles R. Gillenwaters, 126 Marshall Street_

_Alexander City, Alabama 35010_____

(b) At arraignment and plea _Same as above_____

_____

(c) At trial _Same as above_____

_____

(d) At sentencing _Same as above_____

_____

(e) On appeal _Hon. Charles Swinger Conley, 315 South Bainbridge_

_Street, Montgomery, Alabama 36104_____

(f) In any post-conviction proceeding _N/A_____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _N/A_____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____    No _XX___

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No _XX___

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _XX___             No _____

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____11-13-96_____
(Date)

x _Rodriquez Hughley_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _13th_ day of _November_____ 19_96_.

_Nancy B. Grier_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____.
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.



STATE OF ALABAMA,                                    **F I L E D**    IN THE CIRCUIT COURT OF
                                    PLAINTIFF        NOV 18 1996      LEE COUNTY, ALABAMA

        VS.                                          IN OFFICE
                                                     CORINNE T. HURST
Rodriques G. Huguley, alias                          CIRCUIT CLERK

                     DEFENDANT.          *           CRIMINAL CASE NO(S) CC-95-741


<u>DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL
OF DEFENDANT'S WRIT OF ERROR CORAM NOBIS
(ACTUAL RULE 32 PETITION)</u>


        Comes now the State of Alabama, by and through its District Attorney,
Ronald L. Myers, and shows unto the Court as follows:

        1)    The State denies each and every allegation in defendant's petition.

        2)    That the defendant has not, with the required specificity, set out
any grounds entitling him to relief pursuant to Rule 32.1 (a), (b), (c), (d)
or (e) of the Alabama Rules of Criminal Procedure.

        3)    The defendant is precluded from relief pursuant to Rule 32.2 of the
Alabama Rules of Criminal Procedure because the grounds alleged in
defendant's petition:

    []    may still be raised on direct appeal under the Alabama Rules of
          appellate Procedure or by post-trial motion under Rule 24.

    []    was raised or addressed at trial.

    [X]   could have been but were not raised at trial, unless the ground for
          relief arises under Rule 32.1(b).

    [X]   were raised or addressed on appeal or in a previous collateral
          proceeding.

    [X]   could have been but were not raised on appeal, unless the ground
          for relief arises under Rule 32.1(b).


[]    Defendant's petition is due to be dismissed because said petition is a
      second or successive petition on the same or similar grounds on behalf
      of the same petitioner.

[]    Defendant's petition is due to be dismissed because said petition is a
      second or successive petition alleging a new ground or grounds that were
      known or could have been ascertained through reasonable diligence when
      the first petition was heard and failure to entertain this petition will
      <u>not</u> result in a miscarriage of justice.

[X]    Defendant's petition is due to be dismissed because it is not meritorious on its face and fails to state a claim for which relief can be given.

[ ]    Defendant's petition is due to be dismissed because said petition was not filed within the allowable period of limitation as set out in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

[X]    Defendant's petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.

[X]    _DEFENDANT HAD EMPLOYED COUNCEL OF HIS OWN_
_CHOICE AT TRIAL AND ON APPEAL._

        Wherefore, the premises considered, the State of Alabama moves this Court to Summarily Dismiss Defendant's petition because the petition is not sufficiently specific, is precluded, fails to state a claim, and/or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.

                        Respectfully Submitted,


                        NICK ABBETT
                        CHIEF ASSISTANT DISTRICT ATTORNEY
                        37TH JUDICIAL CIRCUIT OF ALABAMA

## CERTIFICATE OF SERVICE

     I do hereby certify that I have on this date, _18ᵗʰ November, 1996_ served a copy of the foregoing Motion upon the defendant, Rodriques G. Huguley, #184418, Draper Correctional Facility, P.O. Box 1107, Elmore, AL 36025, by placing a copy of same in the U.S. Mail, postage prepaid.

NICK ABBETT
CHIEF ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

RODRIQUES G. HUGULEY,
      PETITIONER,

VS.

STATE OF ALABAMA,
      RESPONDENT.

CASE NO. CC-95-741

F I L E D

NOV 21 1996

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

### PETITIONER'S OPPOSITION TO THE DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL

Comes now the Petitioner in the above styled cause, by and through himself in "Opposition to the District Attorney's response and Motion for Summary Dismissal".

The Petitioner asserts that items one thru three of the respondent is without merit, as well as items checked on what appears to be a standard prepared form attacking petitioner's petition. However, it fails to assert any specfic grounds of preclusion.

Generally, however, post-conviction claims are procedurally barred where they were raised and addressed on direct appeal, or could have been raised at trial and on appeal, but were not, or were notraised in a proceeding for post conviction relief. **Hubbard v. State**, 584 So.2d 895 (Ala.Cr.App. 1991), cert. denied, 584 So.2d 895 (Ala. 1991). An ineffective assistance of counsel claim may not be barred, although other grounds asserted in the post-conviction petition are procedurally barred because defendant did not appeal from his conviction and sentence. **Jenkins v. State**, 586 So.2d 176 (Ala. 1991). See also **Ex parte Lockett**, 548 So.2d 1045 (Ala. 1989) and **Ex parte Clisby**, 501 So.2d 483 (Ala. 1986), both cited in Jenkins. A petition that alleges

that his plea was not voluntary and that his counsel was ineffective are not procedurally barred, because they could not be raised on appeal, as in the instant case action. **Henderson v. State**, 586 So.2d 1009 (Ala. Cr. App. 1991).

Also in Henderson, id. the Court stated that the allegations of a petition that are not refuted must be accepted as true for the purposes of the pleading and of the framing of the issues.

The reasons set out in Petitioner's Rule 32 Petition is meritorious on it's face and the Court should order an evidentiary hearing on these claims. A hearing is required on the merits of a petition alleging ineffective assistance of counsel. See **Teat v. State**, 589 So.2d 815 (Ala. Cr. App. 1991).

Wherefore the premises considered the Petitioner prays that this court set aside the response and Motion for Summary judgement entered in this cause by the District Attorney's Office, and order this case for evidentiary hearing.

Dated: 11-21-96

Petitioner

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

```
STATE OF ALABAMA,        *
                         *
v.                       *    CASE NO. CC 95-741
                         *
RODRIQUES G. HUGULEY,    *
                         *
```

**FILED**

DEC 12 1996

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

<u>ORDER</u>

This matter is before the Court on PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO RULE 32 filed by the Petitioner, pro se.  The District Attorney has filed a MOTION FOR SUMMARY DISMISSAL.

The Court has carefully reviewed the contents of the petition.  Petitioner alleges that he was denied effective counsel at the trial of this case.

The Petitioner was convicted of First Degree Robbery following the armed robbery of an Auburn motel.  He was represented at trial by retained counsel.

The Court has an independent recollection of the trial of this case and has referred to its notes made during the course of the trial.  The defense attorney's representation was in full compliance with the law.  The defense attorney is an experienced trial attorney.

The Defendant complains that no Motion for Judgment of Acquittal was made at the close of the State's case.  In the opinion of this Court, had such a motion been made, it would have been denied.

Petitioner further complains that counsel failed to support his Motion for New Trial.  In the event said motion had been made, it would have been denied.

This was clearly a case for the jury and the jury did not believe the story of the Petitioner.

The Court sees no further reason for delay and said Petition is hereby DENIED.  The Motion for Summary Dismissal filed by the District Attorney is GRANTED.

Done and Ordered this 11th day of December, 1996.

Robert M. Harper
Circuit Judge

Copies to: Ronald L. Myers/Rodriques G. Huguley

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

RODRIQUES G. HUGULEY,
    PETITIONER,

VS.

STATE OF ALABAMA,
    RESPONDENT.

                    CASE NO. CC95-741

## NOTICE OF APPEAL

Comes now the Petitioner, in the above styled cause, by and through himself, and moves this court to accept this pleading as the Petitioner "Written Notice Of Appeal". The Petitioner asserts that he will appeal from the order rendered on December 11, 1996, at which time the Court denied the Petitioner's Rule 32 petition, attacking judgement of conviction.

There is no recorder's transcript involved in this appeal, however, the Petitioner will rely on the entire record of the clerk.

Wherefore, the premises considered, the Petitioner prays this Court adjudge this pleading as his Notice of appeal

Dated: __12/26/96__

                                    *Rodriques Huguley*
                                      Petitioner

FILED

DEC 27 1996

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk

0021

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

RODRIQUES G. HUGULEY

**Appellant**

V.

State of Alabama
**Appellee**

TO: The Clerk of the Court of
Criminal Appeals of Alabama

Case No. __CC95-741.60__

Date of Notice of Appeal __12-27-96__

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of __21__ pages) ( _____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this __6TH__ day of __JANUARY__ , 19 __97__ .

_Corinne J. Hurst_
Circuit Clerk

__LEE__
County