TO:       Lee County Circuit Clerk's Office, Attn: Ellie

FR:       Hense R. Ellis II

DATE:     June 13, 2006

RE:       File Request – Rodriques G. Huguley Rule 32 Records (CC: 95-741)

The State is under federal court order to produce Rule 32 petition records related to the above criminal case by June 19, 2006. There were multiple Rule 32 petitions filed.

The Attorney General's Office already has in its possession records related to CC: 95-741.60, in which the petition was filed on or about November 14, 1996. Thus, the federal court now needs records of any other petitions filed before or after that case.

Please mail the records to me at the following address:

   Hense R. Ellis II
   Deputy Attorney General
   P.O. Box 286
   Fort Deposit, AL 36032

Or, you may fax the records to me at (334) 227-4272.

I am handling this case as an appointed Deputy Attorney General, thus my mailing address differs from that of the Attorney General's Office. To confirm my appointed status, please phone the AG's Office at 334-242-7300 and ask to speak with Sandy McLure or Keith Miller.

Yours truly,

Hense

Hense R. Ellis II
Deputy Attorney General
(334) 549-3408

FILED
JUN 13 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK


EXHIBIT

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,

    Plaintiff,

vs.

    CASE NUMBER: CC-95-741

RODRIQUES G. HUGULEY,

    Defendant.

FILED NOV 17 2005 IN OFFICE CORINNE T. HURST CIRCUIT CLERK

## ORDER

This matter is before the Court on the Motion for New Trial filed on October 4, 2005 on behalf of the Defendant and the District Attorney's Response filed on November 10, 2005. After careful examination of both the Motion for New Trial and the District Attorney's Response, the Court has determined that the Motion is untimely, successive and without merit on its face. The Court finds that the Defendant is not entitled to a Hearing under Rule 32.9 as the Defendant has not met the burden of pleading and proving by the preponderance of the evidence the facts necessary to entitle the Defendant to relief. *Fincher v. State* 724 So.2d.87 (Ala.Crim.App. 1998). The Motion for New Trial is hereby DENIED.

John V. Denson, II
Circuit Judge

cc:    Nick Abbett/Robert T. Treese, III
        Ben C. Hand, Jr.

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| PLAINTIFF, | * |
| v. | *  CC-95-741 |
| RODRIGUES HUGULEY, alias | * |
| DEFENDANT. | * |

FILED
NOV 10 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## DISTRICT ATTORNEY'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL

Comes now the State of Alabama, by and through its assistant District Attorney and for response to the defendant's motion shows unto the Court as follows:

Summary of Facts

Defendant was convicted on August 29, 1995 of first degree robbery upon a jury trial. He was represented at trial and on direct appeal. The appeal was affirmed via memorandum opinion on October 11, 1996. He filed a rule 32 petition on November 14, 1996 which was subsequently denied. His appeal was affirmed via memorandum opinion and the certificate of judgment of affirmance was issued on June 10, 1997. He filed another Rule 32 petition on July 16, 1997. It was summarily denied by the trial court and appealed. The appeal was dismissed by the Alabmama Court of Criminal Appeals on October 31, 1997. The current motion was filed on October 4, 2005. The grounds alleged are simply that the co-defendant lied at trial regarding the involvement of the defendant. The defendant, through counsel, provided an affidavit from the co-defendant which states that he lied at trial regarding his involvement.

1)   The State denies each and every allegation in defendant's petition.

2)   That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1 (a), (b), (c), (d) or (e) of the Alabama Rules of Criminal Procedure.

3)   The defendant is precluded from relief pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure because the grounds alleged in defendant's petition:

[ ]   may still be raised on direct appeal under the Alabama Rules of appellate Procedure or by post-trial motion under Rule 24.

[X]   were raised or addressed at trial.

[ ]   could have been but were not raised at trial, unless the ground for relief arises under Rule 32.1(b).

[X]   were raised or addressed on appeal or in a previous collateral proceeding.

[X]   could have been but were not raised on appeal, unless the ground for relief arises under Rule 32.1(b).

[X]   Defendant's petition is due to be dismissed because said petition is a second or successive petition on the same or similar grounds on behalf of the same petitioner.

[X]   Alternatively, defendant's petition is due to be dismissed because said petition is a second or successive petition alleging a new ground or grounds that were known or could have been ascertained through reasonable diligence when the first petition was heard and failure to entertain this petition will <u>not</u> result in a miscarriage of justice.

[x]   Defendant's petition is due to be dismissed because it is not meritorious on its face, is not sufficiently specific and fails to state a claim for which relief can be given.

[x]   Defendant's petition is due to be dismissed because the allegations contained in the new witness statements attached to said petition do not constitute newly discovered evidence.

[x]   Defendant's petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.


4)   The statement of the co-defendant, Dewayne Clark, do not constitute newly discovered evidence. The factors comprising newly discovered evidence are:

"(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

2

"(1) The *facts relied upon were not known* by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;

"(2) The facts are not merely cumulative to other facts that were known;

"(3) The facts do not merely amount to impeachment evidence;

"(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and

"(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received."

Rule 32.1(e), Ala.R.Crim.P (emphasis added).

a) The additional witness statements have not been shown to contain material facts, much less facts which were not known by Defendant or Defendant's counsel at the time of trial. Defendant has not shown that the co-defendant could not have been located or that the substance of his testimony could not have been determined with reasonable diligence. The test for diligence is not whether or not a witness came forward, but whether or not such witness could have been found (or the substance of their testimony known) with reasonable diligence. *Tarver v. State*, 769 So.2d 338 (Ala. Crim. App. 2000). Indeed, Defendant's claim at trial was that the co-defendant was lying. On page fifteen (15) of his first rule 32 petition defendant claims that his trial counsel was ineffective for failing to object to "...the perjured evidence of the co-defendant...". If the allegation of perjured testimony was unknown at trial the defendant could not have offered it as a theory supporting his defense, a matter that would also appear to require a reference to the trial transcript. Clearly, the allegation regarding the lying co-defendant was summarily rejected by the jury.

b) The additional statement, if taken as true, is merely cumulative to other theories alleged as facts that were known to Defendant at trial. whereabouts would be both duplicitous and duplicative and could have been limited by the trial court. *Morgan v. State*, WL 564210 (Ala.Crim.App. 2001).

c) The additional witness statement amounts, at best, a repeat of the theory attempted by the defendant at trial.

d) The additional witness statement would not have changed the result at trial. It is inconsistent with the undisputed physical evidence introduced by the state, particularly that the

3

defendant and the co-defendant were captured whilst fleeing the scene in the same car driven by the defendant.

e) The additional witness statement prove only that the co-defendant is happy to subject himself to a perjury charge if given the opportunity.

Faced with a similar situation involving false claims, theories and defenses the Alabama Court of Criminal Appeals, noted the inherent danger of using contradictory witness statements in an effort to establish newly discovered material facts. Regarding the testimony of such witnesses, the Court held that "(t)he nature of Smith's contradictory testimony and tendency to disregard the truth was given full airing in front of the jury when investigator NeSmith testified for the defendant that Smith had given a contradictory version of what happened than the version he testified to in Court. **The Court finds all of the above constitutes neither newly discovered evidence or any violation of Brady v. Maryland.**" *Payne v. State*, 791 So.2d 383 (Ala. Crim. App. 2000)(Emphasis added). Similarly, Defendant's own words have been given just such an airing repeatedly.

5) Petitioner has failed to meet the minimal pleading and proof requirements of Rule 32 and is therefore not entitled to a hearing. "Rule 32.7(d), A.R.Crim.P., permits the trial court to dismiss the petition 'if the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.'" *Whitt v. State*, 827 So.2d 869 (Ala.Crim.App. 2001)(footnotes omitted). In the instant petition, Defendant cannot demonstrate that the statement of the co-defendant is either factual or material. "However, before a circuit court finds a petitioner to be entitled to a hearing under Rule 32.9, the court must find that the petitioner met his or her burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." *Fincher v. State*, 724 So.2d 87 (Ala..Crim.App. 1998). Furthermore, where the record supports the trial court's decision no written ruling is necessary upon summary dismissal.

Considering that the additional statement does not provide any new factual information, that petitioner has not indicated at what time the information was discovered, that petitioner has not demonstrated such information was not discoverable with the exercise of reasonable diligence and that petitioner cannot show the statement establishes the probability of a different outcome at trial, Defendant's petition is due to be dismissed.

6) The claim that the co-defendant was lying was available to the defendant at trial, on direct appeal, at the first rule 32 petition, on appeal of that petition, at the second rule 32 petition and on appeal thereof.

Wherefore, the premises considered, the State of Alabama moves this Court to deny the petition on the basis that it is untimely, successive, and without merit on its face.

Date: 11-10-05

Respectfully Submitted,

_____
ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following by depositing same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, __xx__ directed to their addresses below and as disclosed by the court file, or __✓__ by depositing same in the mail receptacles specifically reserved for them in the Circuit Clerk's Office, Lee County Justice Center, Opelika, Alabama or _____ via hand-delivery to the Defendant.

Hon. Ben Hand, Jr.
114 N. 8th Street
Opelika, Alabama 36801

Done this the __10th__ day of __November__, 2005.

_____
ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA
2311 Gateway Drive
Opelika, Alabama 36801-6858
334-737-3446