```
 570                  ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 1995 000741.61
 R: KEB                      CASE ACTION SUMMARY
GE:   1                       CIRCUIT  CRIMINAL                  RUN DATE: 03/13/2006
=================================================================================
N THE CIRCUIT COURT OF     LEE                                          JUDGE: RMH
TATE  OF  ALABAMA                    VS      HUGULEY RODRIGUES G
                                             AIS#184418
ASE: CC 1995 000741.61                       J.O. DAIVS FOUNTAIN 4000
                                             ATMORE, AL  36503 0000

OB: 07/06/1977          SEX: M  RACE: B  HT: 0 00  WT: 000    HR:        EYES:
N: 257332906  ALIAS NAMES:

ARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32            TYP: F #: 001
FENSE DATE:                             AGENCY/OFFICER: 0430000 REGISTE

TE WAR/CAP ISS:                      DATE ARRESTED:
TE    INDICTED:                      DATE    FILED: 03/10/2006
TE    RELEASED:                      DATE  HEARING:
      BOND AMOUNT:        $.00            SURETIES:

TE 1:            DESC:                TIME: 0000
TE 2:            DESC:                TIME: 0000

ACKING NOS:                    /                            /

  DEF/ATY: *** NOT ON-FILE ***         TYPE: S                          TYPE:

                         00000                              00000
OSECUTOR: ABBETT NICK
```

most current pet. 2

```
=================================================================================
H CSE:   000000000000 CHK/TICKET NO:                          GRAND JURY: 000
URT REPORTER:                       SID NO:       000000000
F STATUS: PRISON                    DEMAND:                           OPER: KEB
=================================================================================
TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES
                                                                        OPE
03/13/2006 | ASSIGNED TO: (RMH)
           |                                        (AR01)       KEB |
03/13/2006 | INITIAL STATUS SET TO: "P" - PRISON
           |                                        (AR01)       KEB |
03/13/2006 | FILED ON: 11/15/1996
           |                                        (AR01)       KEB |
03/13/2006 | ATTORNEY FOR DEFENDANT:
           |                                        (AR01)       KEB |
03/13/2006 | RULE 32 PETITION
           |                                        (AR01)       KEB |
03/13/2006 | CHARGE 01: RULE 32/#CNTS: 001
           |                                        (AR01)       KEB |
03/13/2006 | DATE CHANGED TO:03/10/2006
           |                                        (AR01)       KEB |
03/13/2006 | SUPPLEMENT TO RULE 32 PETITION GROUNDS FOR RELIEF
           |                                                    KEB |
03/13/2006 | CASE ACTION SUMMARY PRINTED
           |                                        (AR08)       KEB |
12/4/06    | Petition Denied
```

EXHIBIT
I
PENGAD 800-631-6989

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NUMBER: CC-95-741 |
| | * | |
| RODRIQUES G. HUGULEY, | * | |
| | * | |
| Defendant. | * | |

### ORDER

This matter is again before the Court on the Defendant's Rule 32 Petition and the State's Response thereto filed on March 15, 2006. This is the Defendant's fourth (4th) Rule 32 Petition stating the same or similar grounds which have been dismissed by the Court previously and affirmed by the Alabama Court of Criminal Appeals. The Court has again reviewed the grounds stated and finds that there is no merit. The Court DENIES the request of the State to tax costs against the Defendant but the continuous filing of the same Rule 32 Petition in the future may cause sanctions be imposed upon the Defendant.

John V. Denson, II
Circuit Judge

cc:    Nick Abbett/Kisha Allen Abercrombie
       Rodrigues Huguley
       AIS #: 184418
       Atmore Work Center
       9947 Highway 21, North
       Atmore, Alabama 36503

FILED
MAR 2 0 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

In The Circuit Court, Lee County
       State of Alabama

Rodriques Huguley
    Petitioner            Case # CC-1995-741
       vs.
State of Alabama
    Respondent



Petitioner's Transverse Response to State's
Response to Petitioner's Rule 32 Petition

Comes now your Petitioner in response to
the State's Response to your Petitioner's
Rule 32 Petition and states the following
arguments opposing the State's claims.

1- The State has presented only " bare
bones " allegations, without any factual
conclusions of law .

2- The Court in Battle vs. State, 801 So2d.
41 (Al. Cr. App. 2001) made clear that,
A.R.Cr.P., Rule 32.9 (d) requires
an evidentiary hearing, to take
evidence and make specific findings
of fact relating to each material

issue of fact presented." (See Also) Cain vs. State, 2003 WL 21480624 (Al. Cr. App. 2003),

The United States Supreme Court held in Carmell vs. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 Led. 2d, 577 (2000) that, "There is plainly a fundamental fairness interest, even apart from any claim of reliance or notice, in having the government abide by the Rules of Law (A.R.Cr.P., Rule 32.9 (d)) it establishes to govern the circumstances ... under which it can deprive a person of his liberty or life." Id. at 533, 120 S.Ct. 1620 (emphasis added).

2- Your Petitioner was clearly NEVER involved in any robbery.

3- The sentence, as well as the conviction in this instance is illegal and not authorized by law; and is therefore not precluded by the time limitations period; or by the Rule against successive petitions. (See) McCaay vs. State, 785 So2d. 394 (Al. Cr. App. 2000);

Capps vs. State, 747 So2d. 358 (Al. Cr. App. 1999); Salter vs. State, 606 So2d. 209 (Al. Cr. App. 1992); Mitchell vs. State, 777 So2d. 312 (Al. Cr. App. 2000); Jones vs. State, 724 So2d. 75 (Al. Cr. App. 1998).

4- The Court in Spellman vs. State, 668 So2d. 129, made clear that, "It is the burden of the Petitioner to put the record before the Court for review. (as the petitioner in this instance has done). Once the Petitioner has met his burden; the State has the burden of disproving the claims".

5- "At the pleading stage of Rule 32 pro-ceedings, a Rule 32 Petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a Petitioner "must only" provide a clear and specific state-ment of the grounds upon which relief is sought." (as your petitioner in this instance has done); (quoting)

(3)

Johnson vs. State, 835 So.2d. 1077 (Al. Cr. App. 2001).


All Premises Considered, and along with the foregoing arguments and rationale; the conviction and sentence in this instance, is clearly illegal and not authorized by law and, the ends of justice requires that said conviction and sentence be Vacated and Set Aside; or in the Alternative, that a date be set at the earliest convenience of this Courts docket for an evidentiary hearing and the State be Ordered to show cause, why this fundamental miscarriage of justice should be Allowed to continue.


Respectfully Submitted:

Rodriquez Huguley

Rodriquez Huguley
    Petitioner


(4)

## Certificate of Service

I hereby certify that I have this 18th day of March 2006, served a copy of the foregoing upon the Honorable Corinne T. Hurst ; Circuit Clerk, Lee County ; At 2311 Gateway, Drive, Room 104 ; Opelika, Alabama 36801; by placing same in the United States Mail, postage pre-paid and properly addressed.

CC. Hon! Nick Abbett
District Attorney, Lee County
2311 Gateway, Dr.
Opelika, Al. 36801-6858


Respectfully Submitted :
Rodriguez Huguley
Rodriques Huguley
A.I.S. # 184418
Atmore Work Center
9947 Hwy. 21, N.
Atmore, Al. 36503

(5)

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                  *
                                   *

      Plaintiff,                *
                                   *

vs.                             *      CASE NUMBER: CC-95-741
                                   *

RODRIQUES G. HUGULEY,       *
                                   *

      Defendant.              *

## ORDER

     This matter is again before the Court on the Motion filed by the Defendant on March 21, 2006, the day after this Court's last Order of March 20, 2006.  The Court has reviewed the Motion filed on March 21, 2006 and finds no merit.  Accordingly, the Petition is DENIED.

     DONE this the __24th__ day of __March__, 2006.



John V. Denson, II
Circuit Judge

cc:   Nick Abbett/Kisha Allen Abercrombie
       Rodrigues Huguley
       AIS #: 184418
       Atmore Work Center
       9947 Highway 21, North
       Atmore, Alabama 36503

FILED
MAR 2 4 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| V. | *      **Case No.: CC-95-741** |
| | * |
| RODRIQUES HUGULEY, | * |
| alias | * |
| | * |
| DEFENDANT. | * |

**FILED MAR 15 2005 IN OFFICE CORINNE T. HURST CIRCUIT CLERK**

## DISTRICT ATTORNEY'S RESPONSE TO DEFENDANT'S RULE 32 PETITION AND MOTION FOR SANCTIONS

Comes now the State of Alabama, by and through its Assistant District Attorney, Kisha Allen Abercrombie, and in response to the Defendant's fourth Rule 32 to Petition to this Honorable Court, would incorporate herein by reference the State's previous responses filed with this Court on November 18, 1996, August 25, 1997 and November 10, 2005. The State would further show unto the Court as follows:

1. Defendant's Rule 32 Petition is due to be dismissed in that it is the third or fourth petition stating the same or similar grounds as the previous petitions.

2. The Defendant's previous Rule 32 Petitions stating the same or similar grounds were summarily dismissed by this Court.

3. The Alabama Court of Criminal Appeals has affirmed by memorandum this Court's previous ruling(s) on the Defendant's Rule 32 Petition(s).

4. The State of Alabama further moves this Honorable Court to assess the fees for the filing of this successive Rule 32 Petition against the Defendant and as grounds therefore states that the repeated filing of virtually identical pleadings is nothing more than a hindrance to the administration of justice to the people of the State of Alabama.

Wherefore, the State of Alabama moves this Honorable Court to dismiss the Defendant's fourth Rule 32 Petition and tax the costs of filing against the Defendant.

Respectfully submitted this _____ day of March, 2006.

Kisha Allen Abercrombie
Assistant District Attorney
37th Judicial Circuit

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Response to Defendant's Rule 32 Petition upon the Defendant, Rodriques Huguley, AIS# 184418 at Atmore Work Center, 9947 Highway 21 North, Atmore, Alabama, 36503 by placing the same in the U.S. Mail, postage prepaid and properly addressed on this the _____ day of March, 2006.

Kisha Allen Abercrombie
Assistant District Attorney
37th Judicial Circuit

COVER LETTER

Rodrigues Huguley
A.I.S. # 184418
Atmore Work Center
9947 Hwy. 21, N.
Atmore, Al. 36503

FILED
MAR 10 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Hon: CORINNE T. Hurst
Circuit Clerk, Lee County
2311 Gateway, Dr.
Opelika, Al. 36801

RE: CC-95-741 ; Lee County, Alabama :

Dear Ms. Hurst,
    Please find enclosed the following for submission
to this Court for review.

1. Rule 32 Petition and Supplement          X    3
2. Informa Pauperis Application             X    1

Respectfully Submitted :
Rodrigues Huguley
Rodrigues Huguley
date: March 8, 2006

Case Number

_CC_ _95_ _741_
ID    YR    NUMBER
**(To be completed**
**by Court Clerk)**

# IN FORMA PAUPERIS DECLARATION

_Circuit Court Lee County_
[Insert appropriate court]

_Rodriguss Huguley #184418_
(Petitioner)

vs.

_State of Alabama_
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Rodriguss Huguley_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No _X_

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _N/A_

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _1995_
    _Minimum Wage_

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____    No _X_

    b.  Rent payments, interest, or dividends?

        Yes _____    No _X_

    c.  Pensions, annuities, or life insurance payments?

        Yes _____    No _X_

    d.  Gifts or inheritances?

        Yes _____    No _X_

    e.  Any other sources?

        Yes _____    No _X_

FILED

MAR 10 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_N/A_

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No _X_

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_N/A_

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No _X_

If the answer is "yes", describe the property and state its approximate value.

_N/A_

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_NONE_

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _MARCH 8, 2006_
                    (Date)

_Rodrigues Huguley_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _____ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

_____

_____

_____

_____

_____
DATE

AUTHORIZED OFFICER OF INSTITUTION

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

**Case Number**

<u>CC</u> <u>95</u> <u>741</u>
ID    YR    NUMBER

IN THE ___*Circuit*___ COURT OF ___*LEE*___ ALABAMA

*Rodriguus G. Huguley* vs. *State of Alabama*

Petitioner (Full Name)           Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number ___# 184418___ Place of Confinement ___*Atmore C.W.C.*___

County of conviction ___*LEE*___

**NOTICE:** **BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack ___*Lee Circuit Court*___
   ___*Opelika, Al. 36801*___

2. Date of judgment of conviction ___*11-2-95*___

3. Length of sentence ___*22 years*___

4. Nature of offense involved (all counts) ___
   ___*Robbery I*___
   ___
   ___

5. What was your plea? (Check one)

   (a) Guilty _____

   (b) Not guilty ___X___

   (c) Not guilty by reason of mental disease or defect _____

   (d) Not guilty and not guilty by reason of mental disease or defect _____

6. Kind of trial: (Check one)

(a)  Jury __X__                    (b)  Judge only _____

7. Did you testify at the trial?

Yes __X__                    No _____

8. Did you appeal from the judgment of conviction?

Yes __X__                    No _____

9. If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court _____

(2)  Result _____ 

(3)  Date of result _____

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

16

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2)   Nature of proceeding _____

(3)   Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)   Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)   Result _____

(6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)   First petition, etc.          Yes _____          No _____

(2)   Second petition, etc.          Yes _____          No _____

(2)   Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.   Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_X_   A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

✗ (6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

✗ (9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

✗   B. **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✗   C. **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____   D. **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✗   E. **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

✗ **The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

✗ **The facts are not merely cumulative to other facts that were known; and**

X̶ The facts do not merely amount to impeachment evidence; and

X̶ **If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

X̶ **The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No __✗__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No __✗__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____ *Did not have one*

(b) At arraignment and plea _____ *Charles R. Gillenwaters*
*Alexander City, Al.*

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____ *Charles Conley*
*Montgomery, Al*

(f) In any post-conviction proceeding _____
*N/A*

(g) On appeal from adverse ruling in a post-conviction proceeding _____
*N/A*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____    No _X_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No _X_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
*N/A*

(b) And give date and length of sentence to be served in the future: _____
*N/A*

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____    No _X_

18. What date is this petition being mailed? _____

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____March  2006_____.
                    (Date)

_____Rodriguez Huguley_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _7th_ day of _March     2006_

_____
My Commission Expires Dec. 22, 2007
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
                       (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the ____ day of _____, ____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____
* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

In The Circuit Court, Lee County
State of Alabama


Rodrigues G. Huguley
Petitioner
vs.
State of Alabama
Respondent



Supplement to Rule-32 Petition
Grounds for Relief
RE: CC-1995-741


FILED

MAR 10 2006

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK


Rodrigues Huguley
A.I.S. # 184418
Atmore Work Center
9947 Highway 21, North
Atmore, Alabama 36503

## Statement of Jurisdiction

Title #18 United States Code, Section 3731, confers jurisdiction on this Honorable Court; (see) Jones vs. State, 724 So.2d. 75 (Al. Cr. App. 1998); Ladd vs. State, 577 So.2d. 927 (Ala. 1991).

The Petitioner is constrained due to circumstances beyond his control and only recently learned of these Constitutional and Jurisdictional violations of law, through the aid of a inmate law Clerk at the Atmore Work Center, in Atmore, Alabama.

Now for this Honorable Court not to address these violations of law on each and everyone of their meritous issues, would present a fundamental miscarriage of justice.

It is well established law in the State of Alabama that, "Whether a sentence is excessive; or it is not authorized by law (as in this instance), is a jurisdictional issue, which is not precluded by the post-conviction relief

limitations period, or by the Rule against successive petitions. (See) Jones vs. State, 724 So2d. 75 (Al.Cr.App. 1998); Mc Cray vs. State, 785 So2d. 394 (Al.Cr.App. 2000); Salter vs. State, 606 So2d. 209 (Al.Cr.App. 1992); Mitchell vs. State, 777 So2d. 312 (Al.Cr.App. 2000).

Your Petitioner does not refute the fact that he has previously filed a Rule 32 Petition concerning this case action; But at No time has there ever been an evidentiary hearing held on any of the meritous issues presented on this illegal and unconstitutional conviction; which is clearly a violation of A.R.Cr.P., Rule 32.9 (d), and presents a fundamental miscarriage of justice; as well as a violation of The Judicial Canons of Ethics to the trial Judge and to the Ethics of the Prosecutor.

The Court in Battle vs. State, 801 So2d. 41 (Al.Cr.App. 2001) made clear that, A.R.Cr.P., Rule 32.9 (d), requires

(2)

taking evidence and making specific
findings of fact relating to each
material issue of fact presented;
in an evidentiary hearing." (See Also)
Cain vs. State, 2003 WL 21480624 (Al.
Cr. App. 2003).

The United States Supreme Court, held
in Carmell vs. Texas, 529 U.S. 513, 120
S.Ct. 1620, 146 L.ed.2d. 577 (2000) that,
"There is plainly a fundamental fair-
ness interest, even apart from
any claim of reliance or notice,
in having the government abide by
the Rules of Law ( A.R.Cr.P., Rule 32.9(d))
it establishes to govern the circum-
stances, under which it can deprive
a person of his liberty or life".
Id. at 533, 120 S.Ct. 1620 (emphasis
added).

In Taylor vs. State, 741 So2d. 458 (Al.
Cr. App. 1999) the Court held that, "Erron-
eous dismissal of second petition
for post-conviction relief as successive
required Court of Criminal Appeals
to remand with directions that trial
Court address claims in that petition."

(3)

"Before a petition for post-conviction relief can be dismissed as "successive" the record "must" establish, that a prior petition, was adjudicated on its merits, in an evidentiary, hearing." (See Also) Craig vs. State, 632 So2d. 985 (Al. Cr. App. 1993); Montoya vs. State, 615 So2d. 1250 (Al. Cr. App. 1992); Blount vs. State, 572 So2d. 498, 500 (Al. Cr. App. 1990); Kuk vs. State, 580 So2d. 750 (Al. Cr. App. 1991); Ellison vs. State, 593 So2d. 150 (Al. Cr. App. 1991).

The Judicial Canons of Ethics, Canon B (1) clearly holds that, " A judge should diligently discharge his administrative responsibilities, maintain professional competence in the judicial administration, and facilitate the performance of the administrative responsibilities of other judges and Court officals.

The Judicial Canons of Ethics carry the force of law and apply to all Judges in Alabama. (See) Canons of

(4)

Judicial Ethics, Canons 3, C, C(1);
W.L. Judges - Keys - 11, 11(2); Const.
of Ala. 1901, sect. 147.

The Trial Judge in this instance
has clearly failed to maintain pro-
fessional competence in his Court
by allowing the illegal conviction
of an innocent defendant to stand
without so much as an evidentiary
hearing being held; all of which
constitutes a fundamental miscar-
riage of justice.

The United States Supreme Court, held
in Imbler vs. Pachtman, 424 U.S. 409,
47 Led. 2d. 128, 96 S.Ct. 984 (1976) that,
"A Prosecutor who, while acting
within the scope of his duties in initia-
ting and prosecuting a case, willfully
deprives the accused of his constitu-
tional rights (as was done in this
instance), is subject to criminal
punishment under 18 U.S.C.S., sect.
242, which makes it a crime
for a person, acting under color
of law, to deprive another of any

(5)

right protected by the Constitution
or laws of the United States, and
is subject to professional discipline,
or disbarment."
"The Prosecutor has the duty to bring
to the attention of the Court, or of
proper officials all significant
evidence suggestive of innocence
or mitigation; at trial, such
duty is enforced by the requirements
of due process, but AFTER A CON-
viction (as in this instance), the
Prosecutor is also bound by the
Ethics of his office to inform
the appropriate authority of
AFTER-acquired or other infor-
mation that casts doubt upon
the correctness of the conviction."
   The State's Prosecutor in this insta-
nce has been presented evidence
proving that your Petitioner is
innocent of any wrong doing and
rather than correcting this mani-
fest miscarriage of justice, the
States Prosecutor is attempting
to keep an innocent person illegally

(6)

incarcerated in violation of the Constitution of the United States and the Ethics of his Office; and the trial Judge is violating his Oath of Office as well as The Judicial Canon's of Ethics, by criminally conspiring with the State's Prosecutor to allow this fundamental miscarriage of justice to continue.

"A Defendant is denied due process where (as in this instance), a Prosecutor withholds evidence that demonstrates that case relies, in whole or part, on perjured testimony, and that, Prosecution knew, or, should have known ... of perjury." (See) ExParte Womack, 541 So2d. 47. (See Also) Blackburn vs. State of Alabama, 80 S.Ct. 274, 361 U.S. 199, 4 L.ed. 2d. 242. "due process Clause of the Fourteenth Amendment of the Constitution of the United States; forbids fundamental unfairness in the use of evidence ... whether true or false, in a criminal prosecution." And; "A new trial is required if (as in

(7)

30

this instance) the false testimony,
in any reasonable likelihood, affected
the judgement of the jury." (See)
Alcorta vs. Texas, 355 U.S. 28 (1957);
Napue vs. Illinois, 360 U.S. 264 (1958);
Giglio vs. United States, 405 U.S. 150 (1972).

The United States Supreme Court made
clear in Schauer vs. Rhodes, 416 U.S.
232, 94 S.Ct. 1683 (1974) that, "When
(as in this instance) a State Officer
(Judge, Prosecutor, etc.) acts under
a state law, in a manner violative
of the Constitution ... he "comes into
conflict" with the superior authority
of the Constitution and he is, in
that case, "stripped" of his official
Representative character and is
"in his person" responsible to the
consequences of his actions, or
individual conduct."
"The State has No power to impart
to him, any immunity from respon-
sibility to the Supreme Authority
of the United States. (quoting)
Ex Parte Young, 209 U.S. 123, 52 L.Ed.

(8)

31

714, 28 S.Ct. 441.

"No Legislator, or state Executive, or Judicial Officer can (as was done in this instance) "War" against the Constitution without violating his "Oath" to support it." (See) Cooper vs. Aaron, 358 U.S. 1, 788 S.Ct. 1401 (1958).

Section One of the Fourteenth Amendment to the Constitution of the United States guarantees all citizens the right to due process and equal protection of the laws (that your petitioner has clearly been denied).

and:

Article Six, paragraph two of the Constitution of the United States sets out what is known as the supremacy clause:

"This Constitution and the laws of the United States made in pursuance thereof shall be the supreme law of the land; anything in the constitution or laws of any state to the contrary notwithstanding; and the judges in every state are bound thereby..."

(9)

In short all federal law preempts any conflicting state law; And the Constitution of the United States clearly shows that your Petitioner is innocent and that this conviction is due to be Vacated and Set Aside; And any Judge refusing to do so, is in violation of his Oath of Office and The Judicial Canons of Ethics.

A- The Constitution of the United States or of the State of Alabama requires A new trial, a new sentence proceeding, or other relief:

## Issue I

Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant:

In the instant case the Prosecution and the Auburn Police Department fabricated the lies that lead to the illegal and

(10)

unconstitutional conviction of one
who is actually innocent of any crime
and then coerced the alleged co-
defendant into giving false testimony
which is also a violation of law
for an alleged codefendant to be
allowed to testify in any matter
that he is alleged to be a part of,
(see Attached Sworn Affidavit of
Dewayne Clark).

"Evidence of out-of-court statements
of defendant's alleged coconspirator
was not admissible, under coconspir-
ator exception to hearsay rule."
(See) Frazier vs. State, 632 So2d.
1002 (Al. Cr. App. 1993).

"A new trial is required if (as in
this instance) the false testimony,
in any reasonable likelihood affected
the judgement of the jury". (See)
Alcorta vs. Texas, 355 u.s. 28 (1957);
Napue vs. Illinois, 360 u.s. 264 (1959);
Giglio vs. United States, 405 u.s. 150 (1972).

"The defendant is denied due process
where Prosecutor withholds evidence
that demonstrates that case relies,

(11)

in whole, or in part, on perjured testimony, and that Prosecution knew, or, should have known of perjury". (See) Ex Parte Womack, 541 So2d. 47. (See Also) Blackburn vs. State of Alabama, 80 S.Ct. 274, 361 U.S. 199, 4 Led. 2d. 242. "Due Process Clause of the Fourteenth Amendment of the Constitution of the United States... forbids fundamental unfairness in use of evidence, whether true or false, in a criminal prosecution. "It is by now well-established that the Due Process Clause of the Fourteenth Amendment' protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged (which was clearly not done in this instance) (See) Cage vs. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 Led. 2d. 339 (1990).

## Issue II

There is a Substantial Portion of the Trial Transcript Missing :

(12)

In the instant case there is a substantial portion of the pre-trial and trial record missing including, but not limited to the Preliminary Hearing transcript, the Jury Selection Proceedings and the Open and Closing Arguments of both State and Defense Counsel.

The Court in Ex Parte Godbolt, 546 So.2d. 991 (Ala. 1987) hold that, "When a criminal defendant is represented on collateral review, by counsel other than the Attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal."

(See Also) Green vs. State, 796 So.2d. 438 (Al. Cr. App. 2001) "Omission of substantial portions of trial record ..., mandated reversal of defendant's conviction and retrial, where collateral counsel was different from trial counsel, and so could not establish irregularities that may have taken place; Court found that

(13)

defendant was entitled to new trial based on omissions, and review of existing record did not permit conclusion that defendant was not prejudiced by omissions".

The Court in United States vs. Selva, 559 F.2d. 1303 (5th Cir. 1977) made clear that, "Though defendant alleged no specific error to have occurred during unrecorded portion of his trial ..., fact that new collateral counsel was foreclosed from examining for possible error a substantial and crucial portion of the trial rendered illusory defendant's right to collateral review, thus requiring a new trial; defendant was under no burden to show specific prejudice in order to obtain relief for violation of the Court Reporter Act. 28 U.S.C.A. sects. 753, 753(b).

"Requirements of the Court Reporter Act that reporter record verbatim all proceedings in criminal cases had in open court are mandatory." 28 U.S.C.A. sect. 753(b).

(14)

(The Federal Court Reporter Act is mandatory and preempts any con-flicting state laws.)

(See Also) United States vs. Gregory, 472 F2d. 484 (5th Cir. 1973); United States vs. Garcia-Bonifascio, 443 F2d. 914 (5th Cir. 1971)

The United States Supreme Court held in Hardy vs. United States, 375 U.S. 277, 84 S.Ct. 424, 11 Led. 2d. 331 (1964) that, "It is established beyond any shadow of doubt that a criminal defendant has a right to a record on collateral review which includes a complete transcript of all proceedings had in open court.

## Issue III

This illegal conviction is based on insu-fficient evidence:

In the instant case there was No evid-ence to show that your Petitioner was involved in anyway with the events that took place; and the attached

(15)

Exhibit "A" clearly shows the fabricated testimony of a co-defendant that was illegally used to gain the unlawful conviction of your Petitioner.

The Court in FRAZIER vs. State, 632 So2d. 1002 (Al. Cr. App. 1993) clearly holds that, "Evidence of statements of defendant's alleged co-conspirator was not admissible, under co-conspirator exception to hearsay rule...".

The United States Supreme Court in United States vs. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 Led. 2d. 1 (1985) held that, "Reversible error will occur if such errors (like those in this instance) seriously effect the fairness, integrity, or public reputation of judicial proceedings."

The Court in Graham vs. State, 374 So2d. 929 (Al. Cr. App. 1979) long ago held that, "Circumstantial evidence (like that in this instance) is not sufficient to support a conviction if it does not exclude to a moral certainty every other reasonable hypothesis but that of guilt.

(16)

"A verdict finding a criminal defendant guilty is wrong and unjust, even when a defendant is guilty, if the evidence of his guilt is not strong enough to meet the legal test; a verdict, when properly challenged, cannot stand, even though there is strong reason to believe that if all of the true facts were known and shown in evidence guilt would be conclusively established."

In U.S. vs. Pettigrew, 77 F3d. 1500 (5th Cir. 1996) the Court held that, "A verdict may not rest on mere suspicion, speculation, or conjecture, or on overly attenuated piling of inference on inference (like was done in this instance).

## Issue IV

The Court was without jurisdiction to render judgement or to impose sentence:

In this instance the conviction and sentence, are clearly illegal; and

(17)

clearly not authorized by law.

The United States Supreme Court held over forty years ago in BARTONE vs. United States, 375 U.S. 52, 84 S.Ct. 21, 11 Led.2d. 11 (1963) that, "When (as in this instance) a sentence is clearly illegal, or it's clearly not authorized by law, the defendant does not need to object at the trial level in order to preserve that issue for collateral review; the issue is jurisdictional; and leaves the trial Court No jurisdiction to render judgement. (See Also) ExParte BRANNON, 547 So2d. 68 (Ala. 1989).

"An allegedly illegal sentence may be challenged at any time, because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial Court and is Void." (See) Mc Cray vs. State, 785 So2d. 394 (Al. Cr. App. 2000); Jones vs. State, 724 So2d. 75 (Al. Cr. App. 1998); Salter vs. State, 606 So2d. 209 (Al. Cr. App.

1992); Capps vs. State, 747 So.2d. 358
(Al. Cr. App. 1999).

"If (as in this instance) a Court is
without jurisdiction, or, authority;
its judgements and Orders are
nullities.

"They are not voidable, but, simply
Void; and "form No bar" to recovery
sought, even prior to a reversal
in opposition to them. They consti-
tute No justification and all
persons concerned in executing
such judgements, or, sentences,
are considered, in law, as tres-
passers." (See) Elliot vs. Piersol, 1
Pet. 328, 340, 28 U.S.C.S. 328 (1828).


## Issue V

Denial of Effective Assistance of Counsel:

In the instant case your Petitioner
was denied his Sixth Amendment right
to effective and competent trial and
Appellate counsel because of the
deficient and prejudicial preformance

(19)

42

of the trial counsel who NEVER investigated his case or his client; or he would have proven to the jury that your Petitioner is actually innocent of any crime; and the Appellate counsel's deficient and prejudicial preformance has caused this fundamental miscarriage of justice to continue due to counsel's failure to investigate and present the facts now being presented.

The United States Supreme Court set out the two prong test for determining effective assistance of counsel in Strickland vs. Washington, 466 U.S. 668, 80 L.ed. 2d. 674, 104 S.Ct. 2052 (1984). The two prongs are (1) the petitioner can argue that circumstance were so prejudicial to him; that the counsel provided was presumptively ineffective; and (2) the petitioner can argue that specific errors (like those in this instance) of counsel at trial (and on direct appeal) were sufficiently serious that the attorney's

(20)

were not acting as competent counsel
and that those deficient errors pre-
judiced the petitioner.

The Court in Harris vs. Oliver, 645
F2d. 327 (5th Cir. 1981) was very clear
that, "Effective counsel includes
familiarity of counsel with the case
and an opportunity to investigate
it if necessary ... (something that
your petitioner was clearly denied).

Schaefer, Federalism and State Criminal
Procedure, 70 Harv. L. Rev. 1, 8 (1956)
made clear that, "Of all the rights
that an accused person has, the right
to be represented by counsel is by far
the most pervasive, for it affects
his ability to assert any other rights
he may have". The constitutional
guarantee of counsel however "cannot
be satisfied by mere formal appoint-
ment," Avery vs. Alabama, 308 U.S. 444,
446, 84 L.Ed. 377, 60 S.Ct. 321 (1940).
"An accused is entitled to be assisted
by an Attorney, whether retained or
appointed, who plays the role necess-
ary to ensure that the trial is fair",

(21)

Strickland, supra, at 685, 80 L.ed.2d.674, 104 S.Ct. 2052. In other words, the right to counsel is the right to effective assistance of counsel. Evitts vs. Lucey, 469 U.S. 387, 395-396, 83 L.ed.2d. 821, 105 S.Ct. 830 (1985).

Common sense reinforces the conclusion that, "the very premise of our adversary system of criminal justice is that partisan advocacy on both sides of a case will best promote the ultimate objective that the guilty be convicted and (as in this instance) the innocent go free." (citing) Evitts vs. Lucey, 469 U.S. 387, 394, 83 L.ed.2d. 821, 105 S.Ct. 830 (1985) (emphasis added), (quoting) Herring vs. New York, 422 U.S. 853, 862, 45 L.ed.2d. 593, 95 S.Ct. 2550 (1975).

The United States Supreme Court made clear over fifty years ago in Griffin vs. Illinois, 351 U.S. 12 (1956); and again later in Gideon vs. Wainwright, 372 U.S. 335, 9 L.ed.2d. 799, 83 S.Ct. 792 (1963) that, "Justice cannot be presumed when (as in this instance) the kind of justice a man receives, depends on the amount

(22)

of money a man has."

In short if your Petitioner could have afforded competent counsel; instead of a bar-room buddy of the judge and prosecuter he would have NEVER been convicted of this manifest in-justice.

Conclusion

All Premises Considered, and along with the foregoing arguments and rationale, the ends of justice clearly require that this illegal and unconstitutional conviction be Vacated and Set Aside; or in the Alternative that a date be set at the earliest convenience of this Courts docket for an evident-iary hearing and the State ordered to Show Cause why this fundamental miscarriage of justice should be allowed to continue.

The Court in Battle vs. State, 801 So2d. 41 (Al. Cr. App. 2001) holds that, Rule

(23)

32.9 (d) requires taking evidence and making specific findings of fact relating to each material issue of fact presented." (See Also) Cain vs. State, 2003 WL 21480624 (Al. Cr. App. 2003).

The United States Supreme Court made clear in Carmell vs. Texas, 529 U.S. 513, 120 S.Ct. 1620, 146 Led. 2d. 577 (2000) that, "There is plainly a fundamental fairness interest, even apart from any claim of reliance, or notice, in having the government abide by the Rules of Law (A.R.Cr.P., Rule 32.9 (d)), it establishes to govern the circumstances ... under which it can deprive a person of his liberty or life". Id. at 533, 120 S.Ct. 1620 (emphasis added).

Section One of the Fourteenth Amendment to the Constitution of the United States guarantees all citizen's the rights to due process and equal protection of the laws.
And;
Article Six, paragraph two of the

(24)

Constitution of the United States sets
out what is known as the supremacy
Clause:

"This Constitution and the laws of the
United States made in pursuance thereof
shall be the supreme law of the land
... Anything in the constitution or
laws of any state to the contrary not-
withstanding; and the judges in every
state are bound thereby..."

In short all federal law, preempts
any conflicting state law; and
the judges of Alabama are under
a sworn Oath to uphold the Constit-
ution and laws of the United States
and either Vacate this conviction;
or hold an evidentiary hearing.

The Court in Spellman vs. State, 668
So 2d. 129, made clear that, "It is
the burden of the Petitioner to put
the record before the Court for
review. (As your petitioner in this
instance has done) Once the Petitioner
has met his burden; the State has
the burden of disproving the claims."

(25)

48

"At the pleading stage of Rule 32 proceedings, A Rule 32 Petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner "must only" provide a clear and specific statement of the grounds upon which relief is sought" (as your petitioner in this instance has done) (quoting) Johnson vs. State, 875 So2d. 1077 (Al. Cr. App. 2001).

Respectfully Submitted:

Rodriques Huguley

Rodriques Huguley
    Petitioner

(26)

49

## Certificate of Service

I hereby certify that I have this 8th
day of March 2006, served one
original and two copies of the forego-
ing upon the Honorable Corinne T.
Hurst; Circuit Clerk, Lee County;
at 2311 Gateway, Drive; Opelika, Alabama
36801; by placing same in the United
States Mail, postage pre-paid and
properly addressed.


Respectfully Submitted:
Rodriques Huguley
Rodriques Huguley
A.I.S. # 184418
Atmore Work Center
9947 Hwy. 21, N.
Atmore, Al. 36503


(27)

50

Att. A

Exhibit "A"
1 of 2

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

RODRIQUES G. HUGULEY,          )
          PETITIONER,          )
                               )  CASE NO. CC-95-741
VS.                            )
                               )
STATE OF ALABAMA,              )
          RESPONDENT.          )

## AFFIDAVIT OF DEWAYNE CLARK

I DeWayne Clark, first being duly sworn and deposes on oath that I (DeWayne Clark), can read and write, and competent to testify to the facts contained herein. That I am a defendant in the case of Rodriques Huguley, Case number CC95-741.

I further state that on July 24, 1995, I made a statement to members of the Auburn Police Department, stating that Rodriques and I robbed a hotel, in which he planned the idea, and finished the gun and ski mask for the crime. I DeWayne Clark, also testified at the trial of Rodriques G. Huguley vs. State of Alabama, in which I stated that this act was the idea of Huguley, and not mine.

I DeWayne Clark asserts that I made a false statement concerning the elements of this crime. Rodriques Huguley, knew nothing of this crime, nor my desire to rob the hotel. I learned of this hotel because Rodriques told me where he was going, therefore, I decided to rob it.

I was told by the Auburn Police Department that they wanted Rodriques Huguley, along with several other assertions concerning

Exhibit "A"
2 of 2    51

Page two (Affidavit of DeWayne P. Clark)

Him. Therefore, being that I was scared, and Rodriques seem to be the perfect scape-goat, I decided to go along with what the police wanted. Rodriques didn't know I was going to rob the hotel, and assumed that if I robbed the place while Rodriques was there, I would gain assistance. Rodriques should not have even known it was me until after I have robbed the hotel. There was no prior plan or conversation concerning myself and Rodriques of a robbery, specifically the hotel.

Auburn Police Department coached me in making and preparing the statement to include Rodriques, in which I stayed with during the trial.

State of Alabama
County of Elmore

Sworn to and subscribed before my hand on this 27th day of
November                      , 1996.

_DeWayne P. Clark_
DeWayne P. Clark

_Nancy B. Grice_
Notary Public

My commission expires: 4-28-98