IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODRIGUES HUGULEY, #184418, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-CV-333-WKW |
| ) | |
| SYLVESTER FOLKS, et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Rodrigues Huguley ["Huguley"], a state inmate, on April 3, 2006. In this petition, Huguley challenges a conviction for first degree robbery entered against him by the Circuit Court of Lee County, Alabama on August 30, 1995. By operation of law, this conviction became final in October of 1996.

The respondents filed an answer and supplement thereto in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because Huguley's robbery conviction became final in October of 1996 -- **after** the effective date of the statute of limitations -- Huguley must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-

---

[1] 1. Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

conviction petition related to the robbery conviction was pending in the state courts. The respondents concede that Huguley filed state post-conviction petitions pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, on November 14, 1996 and July 14, 1997 which tolled the limitation period. They also acknowledge the filing of a motion for new trial on October 4, 2005, which the trial court construed as a third Rule 32 petition, and another Rule 32 petition filed on March 13, 2006. However, the respondents argue that these post-conviction actions did not toll the one-year period of limitation because each was filed after expiration of the limitation period and, therefore, neither was pending during this period as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Thus, the respondents maintain that the present federal petition for habeas corpus relief is time barred.

  Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Huguley failed to file the instant § 2254 petition within the time allowed by applicable federal law.

  Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. The Circuit Court of Lee County, Alabama entered

the challenged robbery conviction upon Huguley on August 30, 1995. The trial court imposed sentence upon Huguley for this conviction on November 2, 1995. Huguley filed a direct appeal and the Alabama Court of Criminal Appeals affirmed the robbery conviction by memorandum opinion on October 11, 1996. *See Respondents' Exhibit B*. Huguley did not further appeal his robbery conviction and the appellate court therefore entered the certificate of judgment on October 29, 1996.² Since the petitioner failed to seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his robbery conviction therefore lapsed upon expiration of the time for filing a request for rehearing in the appellate court -- fourteen (14) days from issuance of the opinion affirming the conviction. Rule 39(c)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, the petitioner's robbery conviction became final, at the latest, on October 29, 1996, and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

---

²2. Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 15 days after Huguley's robbery conviction became final until his filing of the initial Rule 32 petition in the Circuit Court of Lee County on November 14, 1996. The trial court denied the petition on December 12, 1996. The Alabama Court of Criminal Appeals affirmed the denial of Huguley's petition by memorandum opinion on May 23, 1997. *See Respondents' Exhibit E*. Huguley did not file an application for rehearing or petition for writ of certiorari and the appellate court therefore issued the certificate of judgment on June 10, 1997, which constituted the date of final resolution. The one-year limitation period therefore began to run again on June 11, 1997.

The court finds that the limitation period ran for an additional 33 days until Huguley's filing of his second Rule 32 petition on July 14, 1997. The trial court issued an order denying this Rule 32 petition on August 25, 1997. Huguley appealed the trial court's ruling and the Alabama Court of Criminal Appeals dismissed this appeal on October 27, 1997. *Huguley v. State*, 727 So.2d 187 (1997) (table decision). The evidentiary materials demonstrate that Huguley undertook no further action with respect to this Rule 32 petition. Thus, Huguley's second Rule 32 petition remained pending in the state courts until November 10, 1997, the date on which his time to submit an application for rehearing

4

expired.

As of November 10, 1997, the petitioner had 317 days of the applicable limitation period remaining within which to file a federal habeas petition. The court therefore concludes that the time allowed Huguley for the filing of a federal habeas petition expired on September 23, 1998. As previously noted, although Huguley filed two subsequent state post-conviction actions on October 4, 2005 and March 13, 2006, respectively, these actions had no impact on the limitation period as Huguley filed these actions after the limitation period had expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no

period remaining to be tolled."). Consequently, even allowing a tolling of the limitation period during the pendency of Huguley's first and second state post-conviction petitions, Huguley failed to file the present federal petition prior to expiration of the one-year period of limitation.

Huguley filed this federal habeas petition April 3, 2006. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over seven years prior to Huguley filing the instant § 2254 petition. Accordingly, it is

ORDERED that on or before July 11, 2006 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 29th day of June, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE