UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY COUNTY         ALABAMA

Rodrigues Huguley Pro. Se.           CIVIL ACTION NO. 3:06
        Petitioner.                           CV333—WKW.
VS.
Sylvester Folks et. al;
        Respondent.



## MOTION FOR AN AMENDMENT TO THE HABEAS CORPUS Response to the Judges order

Now comes the Petitioner Rodrigues Huguley in the above case moves this Honorable Court to Reconsidered and Considered Granting this Amendment to the Habeas Corpus, and all other Documents. Petitioner will shown the Following to the Amendment.

(1) Rules of Civil Procedure/Rule (d) the court, within its discretion and upon such terms as are just, may at any time allow or approve the amendment, of any process or proof, of service thereof.

(2) the Petitioner has already answer and shown cause while he should not be barred.

(3) this is a motion for an amendment to be add to the Habeas Corpus. This motion must go before the Judge.

(4) The Federal Court is able to address the petition within one year time established in 28 U.S.C. §2244 (2000), and have a factual basis developed on the record, as an evidentiary hearing.

(5) extension of time may be granted when petitioner exercised due diligence but still could not be avoided with diligence.

(6) the subject that robbery the Hotel admitted that he lied when he stated the Petitioner was part of the robbery the subject knew he could used the statement to the police and that would charged the Petitioner with the Robbery also, the subject wrote and sign a affidavit that he alone committed the crime the was wrote on July 24, 1995 a copy of this affidavit has been mail to the court for consideration with the merits the STATE PROSECUTOR and the AUBURN POLICE DEPARTMENT has conceal evidence in this case. Justice has been denied.

## Amended and Supplemental

(A) Pursuant to Rule 15.R. of C. Proce. Party may amend a pleading without leave of court. Amendmend shall be freely allowed when justice so requires.

(B) Petitioner showing good cause for amendments to conform to the evidence. Amendment relates back to original petition this amendment arising out of the same transaction...

(C) the adjudicated resulted in a decision that was an unreasonable determination in light of the evidence presented in the state court proceedings. Hugley v. Secretary for the Dept. Corr. 278 F3d 1245, 1256 (11th Cir. 2002).

(D) the Petitioner challenges a state conviction that was imposed upon him April 3, 2006 by the circuit court of Lee County, for first degree robbery

(E) the federal court has the authority to grant a §2254 relief when there a miscarriage of justice, false arrested, false imprisonment, state fail to prove all elements of the crime. Makin v. Colorado Dept. of Correction, 183 F3d 1205 (16th Cir. 1999). Levitan v. Ashcroft 281 F.3d 1313 (D.C. Cir. 2002)

a writ of habeas corpus can only be file by a person in and be followed up by a person in custody nor on parole. when an innocence person is convicted and fighting for there freedom habeas corpus relief has the authority there is no limitation on a person lifetime barred means there no justice in any court by keeping a person illegally in prison. it is prejudice to a Petitioner Estelle v. Gamble, 429 U.S. 97, 104 (1976) Hope v. Pelzer, 536 U.S. 730 (2002)

1 or 2 the trial judge had knowledge that the subject robbery the hotel alone but agree with the Aburn Police department and the Prosecutor to convicted Petitioner everyone has a price when it come to freedom. Justice is blind Farmer v. Brennan, 511 U.S. 825, 837 (1994), Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A). the STATE PROSECUTOR did NOT PROVE the petitioner guilty beyond a Reasonable doubt. When the state fail to Prove all elements of a charge the person must be Acquittal.

B). When the State fail to Present evidence to the JURY to support a charge, persons must be Acquittal.

C). the attorney Never investigated the case, Never objected to the False testimony against the petitioner he was entitled to a new trial or mistrial by the Circuit Court Judge.

D). When their is illegal or False evidence a conviction cannot stand. Mooney V. Holohan 294 U.S. 103. S.ct 340 79 L. Ed 791 (1935). and when the state allows it to go uncorrected the persons must be Acquitted Alcorta v. Texas, 355 U.S. 28 78 S.ct 103 2 L.ed (1957)

E). a Defendant Rights are violated when the state withhold Favorable material evidence, in his behalf. Brady v. Maryland 323 U.S. 8 35 S.ct 1194 97 L.ed 2d 215 (1965) the State action was carried out in bad faith.

F). the Charge against the petitioner is arbitrary and tenuous and confuse-vague, the sentence was a miscarriage of Justice, as in all criminal Cases, the Prosecution must Prove the corpus delecti that is, the Fact that the Crime has been committed by the accused, proof that an act has taken place the Petitioner Jury trial by the state was a malicious prosecution. "there was a criminally conspired between the Judge and District Atty." the Petitioner has a Constitutional Right to bring a collateral attack against the Judgment and sentence basis upon his innocence and False imprisonment," the Petitioner moves this Court For an order Release him. Department of Corrections State of Alabama, that has him Restraint.
there was a variance between the charge and the arrest, against the Petitioner. this charge against the petitioner is a Frace Sham and mockery of Justice.

Reasons why Petitioner should not be barred

(1) the Court will not dismiss the petition however, when the Petitioner shows that grounds for relief with reasonable diligence the petitioner had been granted parole, when the time was running he was not incarcerated.

(2) Section 2254 Rule. R 9(a) Advisory Committee Notes state that "Subdivision (a) is not a statute of limitation rather, the limitation is based on the equitable doctrine of laches a delay in enforcing rights that disadvantage another, in this case, the state this has been a disadvantage to the petitioner.

(3) the Petitioner habeas Petition was filed before the New Rule of constitutional law established IN RE Hill 113 F.3d 181, 182-84 (11th Cir. 1997).

(4) the Constitution provides: "the Privilege of the Writ of habeas corpus shall not be suspended, unless when, in cases of Rebellion or Rebelon or Invasion the public safety may require it. U.S. Const. art. I, § 9, cl. 2 Preiser, 411 U.S. at 485-86 (1973).

(5) the Anti Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation on filing habeas corpus petitions.

(6) the Petitioner deadline was September 1998 he was granted parole August 1998 this view was expanded in Carafas v. Lavallee, 391 U.S. 234

(7) while the language of the act indicates that a writ of habeas corpus is appropriate only when a person is in custody. (on these grounds Petitioner should not be barred by the one-year limitation.

(8) (AEDPA standard not applied where initial Petition filed prior to AEDPA McWee v. Weldon 283 F.3d 179, 184 (4th Cir 2002 not applied to petition pending as of April 24, 1996).

(9) to apply for a writ of habeas corpus, an individual must be in "custody," term which has been liberally construed by the court to include significant restraints on personal liberty as well as physical incarceration

(A) COGNIZABLE ISSUES. Federal courts may ENTERTAIN a state prisoner's petition for habeas relief on the grounds that his confinement violate the constitution, law of the U.S. and violation federal law. and his conviction results in a miscarriage of justice.

Since the State courts and Prosecutor in acknowledge the subject robbery the Hotel alone they refused and still refuse to correct their misstate that the petitioner is in prison illegal and on false arrested. The petitioner pled innocent and pleads thereof now and should not be barred, the petitioner moves this court to vacate this sentence and Judgment due to his innocence.

Bozetti v. Wiscomb, 930 F.2d 1150, 1159 (6th Cir. 1991), Ruiz v. Estelle, 503 F.Supp. 1265, 1339. 679 F.2d 1115 5th Cir. Vacated in Part, 688 F.2d 266 (5th Cir. 1982). Rev'd in part Ball v. State Bd. of Corrections 595 F.Supp. 1558 Helling v. McKinney, 509 U.S. at 35 1993)

### FACTS OF the Issues.

(A) the subject Dewayne Clark robbery the Hotel alone and lied to the polices to get the petitioner arrested, later the subject wrote a sworn affidavit admitted that he lied to the police the subject also took the police where he had hidden the gun, and the ski mask

(B) the subject and the Auburn polices prepared the statement that the petitioner plan and help with the robbery.

(C) the State Prosecutor presented false testimony to the trial jury that the petitioner plan the robbery.

the petitioner requests that after a preliminary examination, the amendment to the habeas corpus and all others documents be granted and that this court proceed under its rules to reverse or vacate the sentence and judgment of the Circuit Court of Lee County and for such other relief as petitioner may be entitled.

## AFFIDAVIT IN SUPPORT

Before me, the undersigned authority a Notary Public at large for the said county and State of Alabama. I am over the age of twenty-one years of age in good sound mind and judgment and competency to testify to the matter in the Habeas Corpus. and capable of bringing forth this amendment and affidavit in support by law:

## CONCLUSION

The petitioner prays that this Honorable Court will considered, on granting and amending this amendment with the other documents and that the court will grant petitioner release. and provide whatever the law states in this matter. The petitioner is illegally confinement in prison. without due process of the law. and that the court exercised its jurisdiction. this should has been an established of facts and merits. the petitioner has follow all civil rules and further request that the court vacate this sentence and remanded it for an order to released of the petitioner.

Sworn to and subscribed before me this 25th day of June 2007 A.D. in year of our Lord

State of Alabama                County of Elmore

_Rodriquez Huxley_
AFFIANT

_[signature]_
NOTARY PUBLIC

MY COMMISSION EXPIRES: 03-06-09

## CERTIFICATE OF SERVICE

I hereby that a copy of said foregoing Amendment has been served upon the Honorable Wallace Capel, Jr. United States Magistrate Judge, Middle District of Alabama Eastern Division Post Office Box 711 Montgomery Alabama 36101-0711 by placing a copy in the prison mail box at Staten Correctional Facility, for United States mail first class, properly addressed postage personally paid.

Done this 25th day of June 2007 A.D. and to follows:

CC:

Hon. Debra P. Hackett
Middle District Clerk
P.O. Box 711
Montgomery, Alabama 36101-0711

Hon. Hense R. Ellis II
Deputy Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

Rodrigues Huguley
AIS # 184418
E-2-36A
Elmore, Alabama 36025-0056

Rodriques Huguley 184418
02-36A
P.O. Box 56
Mosc, AL 36025

MONTGOMERY AL 361
26 JUN 2007 PM 2 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

36101+0711