IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODRIGUES HUGULEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. 3:06-CV-333-WKW |
| | ) |
| SYLVESTER FOLKS, et al., | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' SECOND SUPPLEMENTAL ANSWER**

Come now Respondents, by and through the Attorney General of the State of Alabama, and file their response to this Court's Order dated June 28, 2007. In response, Respondent files the following supplemental answer.

1.  Huguley has filed a document entitled "Motion for an Amendment to the Habeas Corpus; Response to the Judge's Order" in which he states, among other things, that he is actually innocent of robbery because his codefendant admitted that he lied when he implicated Huguley in the robbery. Amended Petition, p. 1. Huguley apparently refers to the affidavit of Dewayne Clark, sworn to and signed by Clark on November 27, 1996, in which Clark stated that he lied to the police when he told them that Huguley had planned the robbery. Brief in Support of Habeas Corpus Petition, Exhibit A. To the extent that Huguley refers to

a new substantive claim based on newly discovered evidence, the State maintains that Huguley has failed to exhaust such a claim in state courts and that, because the affidavit was signed in 1996 and attached by Huguley as an exhibit to a Rule 32 petition filed in 1997[1], any newly discovered evidence claim brought at this time would be procedurally defaulted.  See Rule 32.2(c), Ala. R. Crim. P. (newly discovered evidence claims brought pursuant to Rule 32.1(e) may be brought within one year after direct appeal becomes final or within six months after newly discovered evidence is discovered).

Huguley, furthermore, has failed to satisfy the actual innocence standard set out in Schlup v. Delo, 513 U.S. 298, 320 (1995), thereby establishing cause for his procedural default.  As the United States Supreme Court stated in Schlup, 513 U.S. at 315, a "claim of innocence does not by itself provide a basis for relief" but is "instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  See also Herrera v. Collins,  506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993)("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").  Under Schlup, a petitioner may have a federal court review the merits of a claim

---

[1] Exhibit D (C. 35-36).

that was procedurally barred in state court if he or she shows "a fundamental miscarriage of justice." Schlup, 513 U.S. at 314-15. To reach this standard, such a petitioner must produce new evidence not presented at trial showing that he or she is actually innocent of the crime. Id. at 324.

Although according to Schlup "actual innocence" allows a defendant to excuse certain procedural defaults under exceptional circumstances, the Fifth, Sixth, Seventh, and Eighth Circuit Courts of Appeal have held that a petitioner who brings an "actual innocence" claim to excuse a procedural default must show due diligence in bringing such a claim or the "actual innocence" claim itself is precluded under the AEDPA. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); Workman v. Bell, 227 F.3d 331, 342 (6th Cir. 2000); Araujo v. Chandler, 435 F.3d 678, 681 (7th Cir. 2005); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002). Indeed, under 28 U.S.C.A. § 2244(d)(1)(D) a habeas petition must be brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Because his actual innocence claim is based upon an affidavit he was aware of at least 10 years ago, Huguley has clearly failed to show such due diligence.

The Respondents are is aware of Felder v. United States, 2:03-CV-1206-MHT(WO), 2006 WL 1526954 (M.D. Ala. May 26, 2006), in which this Court

3

noted that the Eleventh Circuit had never directly addressed the issue concerning due diligence in actual innocence claims and held that Felder's actual innocence claim was not precluded under the AEDPA's one-year limitation period even though he failed to show due diligence in bringing the claim. Felder, however, illustrates the exceptional circumstances required before an actual innocence claim can be brought without a showing of due diligence. Felder was able to show that he was actually innocent of possession of a firearm in violation of 18 U.S.C. § 924(c) based on a "newly recognized right" established in Bailey v. United States, 516 U.S. 137 (1995) – that proof that a defendant "used or carried" a firearm in the commission of a drug offense had to consist of more than the mere presence of a firearm. 2006 WL 1526954, at *4. Because the evidence at Felder's trial merely showed that a gun had been present, he was undisputedly "actually innocent" of that charge. Id. This Court held that Felder's failure to raise his claim within one year from the date Bailey was decided did not preclude his actual innocence claim. Id. at *4-5. Quoting Schlup, 513 U.S. at 327-28, this Court held that, considering Felder's belated Bailey claim, "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Id. at *3-5.

Huguley's belated claim of "actual innocence," conversely, does not show that the AEDPA's one-year limitation period should be excused. Although in isolation, Clark's affidavit may appear to show that Huguley was not involved in

4

the robbery, in the context of the other evidence at trial, it is clear that a reasonable juror could disbelieve Clark's affidavit and find Huguley guilty beyond a reasonable doubt. Apart from Clark's status as Huguley's codefendant who had already pleaded guilty to and been sentenced for the very crime at issue, the affidavit does not explain the conflicts between Huguley's statements to police and his trial testimony. Officer Jodie Hillyer of the Auburn Police Department testified at trial that Huguley told him that he had been "car-jacked" by the man who robbed the Heart of Auburn Motel. Exhibit A (R. 174) Huguley stated to Officer Hillyer that the robber pointed a gun at him and forced him into his own car. Exhibit A (R. 175) Indeed, in his first written statement to police, Huguley stated that, as he was driving after the robbery, a man armed with a gun ran toward his car, opened the door, got in, and ordered him to drive – during this whole time Huguley failed to recognize that the man was Clark. Exhibit A (C. 38) In a subsequent written statement given on the same day, Huguley admitted that he recognized Clark and realized he was the robber as he was driving by him but before he got into his car. Exhibit A (C. 40) During direct examination at trial, however, he admitted that he recognized Clark as he was robbing the hotel, an account inconsistent with both of his written statements. Exhibit A (R. 362) Finally, during cross-examination at trial, Huguley admitted that his first version of the story was substantially a lie. Exhibit A (R. 373-86) A reasonable juror would have a difficult time reconciling

5

Clark's statement in his affidavit that Huguley neither participated in nor had any foreknowledge of the robbery with Huguley's multiple inconsistent statements and his own performance on the witness stand.

Unlike Felder, who was "actually innocent" without dispute, Huguley has failed to show, in the light of newly discovered evidence, "that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. In Arthur v. Allen, 452 F.3d 1234, 1244-45 (11th Cir. 2006), the Eleventh Circuit held that Arthur had failed to meet the Schlup "actual innocence" standard with affidavits from witnesses who stated that they had seen Arthur at their place of business at the time of the murder and that, therefore, he could not have been present at the murder. The Arthur Court looked into the reliability of the affidavits in the context of the surrounding circumstances and determined that they did not raise enough doubt to "undermine[] confidence in the result of [Arthur's] trial." Id. at 1244-46. The Court noted that the affidavits were "suspect" because they were "produced . . . at the 11th hour with no reasonable explanation for the nearly decade-long delay," the affiants had issued subsequent affidavits stating that they were not sure about the date and time of Arthur's visit to their business, and the affiants' testimony merely attacked the credibility of a witness at trial whose testimony had been corroborated by other witnesses. Id. at 1245-46. Likewise, Clark's affidavit in this case is "suspect"

6

because, despite being aware of the affidavit, Huguley has waited ten years before bringing his actual innocence claim and because it merely corroborates Huguley's own testimony, which Huguley himself contradicted with other testimony and statements. Because Clark's affidavit falls short of showing that his conviction "probably resulted" from "a constitutional violation," Huguley's actual innocence claim must fail. Schlup, 513 U.S. at 327, quoting Murray v. Carrier, 477 U.S. 298, 327 (1986).

    2.    Huguley also appears to argue that he is entitled to equitable tolling on the filing of his federal habeas petition for the time he was "on parole." Amended Petition, p. 4. In Jones v. Cunningham, 371 U.S. 236 (1963), however, the United States Supreme Court held that a prisoner placed on parole was "in custody" for purposes of filing a petition for writ of habeas corpus. The Court reasoned that, unless the prisoner was unconditionally paroled, he must face conditions and restrictions which constitute restraint on his liberty for habeas corpus purposes. Id. at 376-77. Without conceding that Huguley was paroled in any manner, the Respondents deny that Huguley was unconditionally paroled – as evidenced by his current incarceration for the underlying conviction. Accordingly, he cannot claim that the time for filing his federal habeas petition was equitably tolled while he was on any form of conditional parole or release. See Rosenbaum v. Johnson, No. 7:07-CV-00052, 2007 WL 1774962, at *5 (W.D.Va. Jun. 18, 2007)(citing Jones,

371 U.S. at 243, to deny Rosenbaum's claim that the filing of his federal habeas petition should be equitably tolled while he was on parole).

## CONCLUSION

Based upon the foregoing authorities and facts, Huguley's federal habeas corpus petition as amended should be dismissed with prejudice because his claims are precluded or without merit.

Respectfully submitted,

Troy King
Attorney General
By-

_____
John M. Porter
PORTJ5818
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Rodriques Huguley, AIS #184418, Staton Correctional Facility, P. O. Box 56, Elmore, AL 36025.

        Respectfully submitted,

        s/John M. Porter
        John M. Porter(ASB5818-P77J)
        Office of the Attorney General
        Alabama State House
        11 South Union
        Montgomery, AL  36130-0152
        Telephone:  (334) 242-7300
        Fax: (334) 242-2848
        E-Mail: JPorter@ago.state.al.us

296061/94484-001