VOLUME III OF III

## COURT OF CRIMINAL APPEALS No._____

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF ___LEE___ COUNTY, ALABAMA

**CIRCUIT COURT NO.** ___CC 95 741___

**CIRCUIT JUDGE** ___HON ROBERT M HARPER___

**Type of Conviction / Order Appealed From:** ___ROBBERY I___

**Sentence Imposed:** ___22 YEARS IN PENITENTIARY AND COSTS___

**Defendant Indigent:** ☐ **YES**   ☒ **NO**

___RODRIQUES G HUGULEY___

**NAME OF APPELLANT**

___CHARLES S CONLEY___
**(Appellant's Attorney)**                    **(Telephone No.)**
___315 SOUTH BAINBRIDGE ST___
**(Address)**
___MONTGOMERY___        ___AL___   ___36104___
**(City)**              **(State)**      **(Zip Code)**

### V.

## STATE OF ALABAMA

**NAME OF APPELLEE**

**(State represented by Attorney General)**
**NOTE: If municipal appeal, indicate above, and enter**
**name and address of municipal attorney below.**

_____

_____

**(For Court of Criminal Appeals Use Only)**

487

VOLUME THREE
STATE OF ALABAMA
IN THE CIRCUIT COURT FOR THE COUNTY OF LEE
THIRTY-SEVENTH JUDICIAL CIRCUIT
CRIMINAL

THE STATE OF ALABAMA,

     PLAINTIFF,

     VS.                CASE NO. CC-95-741

RODRIGUES G. HUGULEY,

     DEFENDANT

REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL

Before:

       HON. ROBERT M. HARPER, Circuit Judge, and

       a jury, in the Courtroom Number Four of

       the Lee County Justice Center located at

       Opelika, Alabama, on the 28th of

       August, 1995, and being concluded on the

       next day.

A P P E A R A N C E S

    HON. RONALD L. MYERS, District Attorney for

the 37th Judicial Circuit of Alabama, and HON.

VANCE NICHOLAS ABBETT, Assistant District Attorney

for the 37th Judicial Circuit of Alabama, Opelika,

Alabama, appearing for the State of Alabama.

    HON. CHARLES R. GILLENWATERS, Attorney at Law,

appearing for the Defendant.

408

(Whereupon, Volume Three
resumes with the afternoon
session on the second day of
the proceedings with the jury
resuming jury deliberations as
follows, to-wit:)


(Whereupon, at 1:15 o'clock
p.m. the jury returned to the
jury room to continue their
deliberations, and at 3:10
o'clock p.m. the following
occurred, to-wit:)


     THE COURT:  The jury has sent a note out
and said they want to hear the jury charges
again. So I'm going to bring them back and
ask them if they want to hear the whole thing
or just the part that relates to robbery and

aiding and abetting and that sort of thing.
I'll give them whatever they want.

       (Whereupon, the jury returned
to the courtroom and the
following proceedings were had
in their presence and hearing,
to-wit:)

    THE COURT:    Ladies and gentlemen, you
sent a note out saying may we hear the jury
charges again, please.  Who is the foreman?

       (Foreman raising hand.)

    THE COURT:  Okay.  Do you want to hear
the whole thing or just the part relating to
robbery, aiding and abetting and that sort of
thing or do you just want me to give you the

whole thing all over again.

THE FOREMAN:  The whole thing.

THE COURT:  The whole thing again.  All right.

This case comes to you by an indictment.  When the indictment comes to this court the Defendant enters a plea of not guilty and that puts the burden of proof on the State to satisfy each one of you beyond a reasonable doubt of the Defendant's guilt.

Now the Defendant is presumed to be innocent and that presumption stays with him until such time as each juror is satisfied beyond a reasonable doubt that he is guilty.

The presumption of innocence is evidence that you may consider on the Defendant's behalf.

When we try to define this business of the State's burden of beyond a reasonable

doubt we define it in several ways.   It's a
real doubt that grows out of the evidence in
the case or the lack of evidence.   It's a
doubt which appeals to your reason after you
consider all the evidence in the case or the
lack of evidence.   In short it's a doubt for
which a reason can be given. Now a reasonable
doubt is not a doubt based on speculation or
guesswork.   That's not a reasonable doubt.
And the State does not have to prove guilt
beyond a mathematical certainty or to a
mathematical certainty.   That would be
virtually impossible in any criminal case.

Now robbery is defined in the
criminal code as follows:   A person commits
the crime or robbery if in the course of
committing a theft he, and there's two
alternatives here, number one uses force
against the person of the owner with intent to

412

overcome his physical resistance or physical power of resistance, or, number two, threatens the imminent use of force against the person of the owner with the intent to compel acquiescence to the taking of or escaping with the property. Now robbery is further set out in various degrees. And the one that would be material in this case is robbery in the first degree. That's the charge in the indictment. And robbery in the first degree is robbery as I've defined it plus with the use of a deadly weapon or a dangerous instrument.

Now that's the only charge that's before you is robbery in the first degree.

Now in this case you've heard the terms aiding and abetting. And that means it comprehends all assistance rendered by acts or words of encouragement or support or presence to render assistance should it become

necessary.    To   authorize   conviction   of   a

person as   an aider and abetter   there must be

by prearrangement or on the spur of the moment

a common   enterprise   and a   criminal   offense

contemplated.

It's   not necessary   for   one to   be

present   at the   time an offense   is committed

in order to render him as an aider or abetter.

It's not necessary for   the State to show that

a Defendant himself   physically committed   the

crime with   which he is charged   in order for

you to   find that Defendant guilty.    A person

who aids or abets another to commit an offense

is just as   guilty of   that offense   as if   he

committed it himself.

You may find the Defendant guilty of

the   offense   charged   if you   find   beyond   a

reasonable   doubt that   the   State has   proved

that   another   person   actually committed   the

414

offense with which the Defendant is charged
and that the Defendant aided or abetted that
person in the commission of that offense. In
order to aid or abet another to commit a crime
it is necessary that the Defendant
intentionally associate himself in some way
with the crime and that he intentionally seek
by some act to help make the crime succeed.
The mere presence of a Defendant where a crime
is being committed without more is not
sufficient to establish aiding and abetting.

I further charge you as far as that
is concerned, that is the matter of aiding and
abetting or accomplice as sometimes called,
each of two or more persons entering by
agreement on the commission of a criminal
offense which is carried out is guilty
thereof.

All right. Now, as I told you

earlier ladies and gentlemen, you decide the

case based on evidence. You decide it based

on the testimony of the various witnesses that

have come before you. You decide it on the

basis of the various items of evidence that

you have with you in the jury room and the

presumption of innocence that I've already

defined for you.

You don't consider as evidence the

fact that there has been an indictment.

That's no evidence of guilt. You don't

consider the arguments of the lawyers, what

they say is certainly something ya'll can

listen to but that's not evidence in the

case. And you don't consider any rulings that

I have made during the course of the trial.

That's not evidence.

Your verdict has to be unanimous as

I told you before. All twelve of you must

416

agree on that verdict and you folks have to look at the testimony and the evidence and judge that testimony and that evidence and decide what weight should be given to it.

Which of the witnesses do you put more weight on, their testimony. Which do you decide is entitled to lesser weight. All of that sort of thing is part of the deliberative process that you go through back there in determining what the true facts are.

You consider what interest that any witness who has testified in the case may have in the outcome. That's a legitimate area for you to consider.

I think that's pretty much what I told you before. Does that satisfy everybody?

All right. I'll send you back out.

MR. GILLENWATERS: May we approach the bench?

417

THE COURT:  Yes, sir, come on up.

(Whereupon,    the    following
proceedings   were   had   at   the
bench, inside the presence    of
the    jury    but    out    of    its
hearing, to-wit:)

MR.  GILLENWATERS:   You didn't  give the
charge on the character charge.

(Whereupon,    the    following
proceedings   were   had   in   the
presence   and   hearing   of   the
jury, to-wit:)

THE   COURT:   Okay.   Let's   see.   That
character charge I gave you before.  I  charge
you   again   that  proof  of   good   character in

418

connection with all the other evidence or lack of evidence may generate a reasonable doubt which entitles the Defendant to an acquittal even though without such proof the jury would otherwise be disposed to convict.

MR. ABBETT: Judge, would you read in the course of a theft?

THE COURT: The other charge in defining that term in the course of committing a theft, that embraces acts which occur in an attempt to commit or the commission of theft or in immediate flight after the attempt or commission. That's included within that definition of the offense of robbery.

All right. I'll send you back out to continue your deliberations.

(Whereupon, the jury retired to the jury room at approximately

419

3:20 o'clock p.m. to continue their deliberations, after which announcing ready with a verdict at approximately 4:00 o'clock p.m., the following occurred, to-wit:)

THE COURT: All right. I'm told that the jury has reached a verdict. We'll bring them back. If anyone can't control his or her emotions they need to leave the courtroom.

(Whereupon, the jury returned to the courtroom and the following proceedings were had in their presence and hearing, to-wit:)

THE COURT: Have you reached a verdict,

ladies and gentlemen?

THE FOREMAN: Yes, sir.

THE COURT: Would you hand it to the Bailiff, please.

The verdict of the jury reads as follows: We the jury find the Defendant Rodrigues Huguley guilty of robbery one as charged in the indictment.

Now ladies and gentlemen, if each one of you agrees with that verdict would you indicate that by raising your hands?

Let the record show that all jurors agree with the verdict.

Mr. Huguley, step around in front of the bench with your attorney, please.

Mr. Huguley, the jury having returned a verdict of guilty of robbery in the first degree it's the judgment of the Court you are guilty of that offense. I'm going to

set sentencing in this case for October the 26th at 8:00 o'clock. At eight a.m. Now a conviction of robbery in the first degree where a deadly weapon is used under the Alabama law carries a minimum sentence of twenty years in the penitentiary. That being the case you're in custody of the sheriff to be held until the time of sentencing and at that time I will consider your past record as well as the pre-sentence report and will determine the appropriate sentence at that time.

All right. He's in your custody.

(Whereupon, the trial proceedings were ended.)

422

STATE OF ALABAMA
IN THE CIRCUIT COURT FOR THE COUNTY OF LEE
THIRTY-SEVENTH JUDICIAL CIRCUIT
CRIMINAL

THE STATE OF ALABAMA,

     PLAINTIFF,

    VS.                CASE NO. CC-95-741

RODRIGUES G. HUGULEY,

     DEFENDANT

REPORTER'S OFFICIAL TRANSCRIPT ON APPEAL
SENTENCE HEARING

Before:

        HON. ROBERT M. HARPER, Circuit Judge, in

        the Courtroom Number Four of the Lee

        County Justice Center located at Opelika,

        Alabama, on the 2nd of November, 1995,

        and being concluded on the same day.

A P P E A R A N C E S

    HON. RONALD L. MYERS, District Attorney for

the 37th Judicial Circuit of Alabama, and HON.

VANCE NICHOLAS ABBETT, Assistant District Attorney

for the 37th Judicial Circuit of Alabama, Opelika,

Alabama, appearing for the State of Alabama.

    HON. CHARLES R. GILLENWATERS, Attorney at Law,

appearing for the Defendant.

## P R O C E E D I N G S

THE COURT: Is Mr. Huguley out there?

MR. GILLENWATERS: Yes, sir, he's on the way.

THE COURT: All right. This is the day set for your sentencing. Do you have anything to say at this time why sentence of the Court should not be pronounced upon you?

MR. GILLENWATERS: Yes, sir, Judge. I'm sure you have read the pre-sentence report and we had character witnesses testify at the trial as you may recall and this young man has a lot of people have thought a lot of him and we regret that this incident occurred, Your Honor, but we would hope that the Court would set the punishment in the minimum range and give him an opportunity since he's only eighteen now, he got out of high school and

424

was working at the  time of this incident, was
working until the day of trial when the  Court

put him,  the  jury found  him  guilty  after
deliberations, the Court placed him in custody

and he has been  in jail now for approximately
a  month and a half and we would hope that the

Court  -- two  months now  -- the  Court would
look at  the minimum range in  this case, Your

Honor.    He has  no  priors  other than  some
traffic offenses  and  I  think   a  juvenile

delinquency  for possession of  a firearm.  So
he has a very little record, Your Honor.

    THE COURT:  Well, as you know the minimum
sentence   in a  conviction  of armed  robbery

where a  weapon is used is twenty years in the
penitentiary.

    MR. GILLENWATERS:  Yes, sir.

    THE  COURT:  So I don't  have a whole lot
of room to reduce that.

MR. GILLENWATERS:  I understand that.

THE COURT:  Anything by the State?

MR. ABBETT:  No, sir.

THE COURT:  All right.  It's the sentence of the  Court Mr.  Huguley you be  confined in the penitentiary of the State of Alabama  for a term  of  twenty-two years.  You are  to pay court  costs, pay  a  victim's  restitution assessment of $50.00.  I'll  give you  credit for two months spent in jail confinement.  You have  a right to appeal.  If  you can't afford an attorney one would be appointed for you and you would be given a free transcript.

You're  in custody of the sheriff to be  transported to  the penitentiary  to begin serving your sentence.

That's all.

(Whereupon,      the      sentence

hearing was concluded.)

426

C E R T I F I C A T E

STATE OF ALABAMA        )

LEE COUNTY              )


I, Willie T. Bennett, Official Court Reporter

at Opelika, Alabama, do hereby certify that I

reported in shorthand the proceedings and testimony

in the foregoing styled cause at the time and place

stated in the caption hereof; that I later reduced

my shorthand notes to typewriting; or the same was

done under my supervision; that the foregoing pages

beginning with the word "Proceedings", where the

same appears in the center of the page, following

the style of the case, the caption and the

appearances, contain a full, true and correct

transcript of the proceedings and testimony as

therein set out.

I FURTHER CERTIFY that I have placed in the

Court File all of the exhibits offered in said

427

trial in the order offered, which fact is certified to the Clerk of the Court.

I FURTHER CERTIFY that I have on this date notified counsel for the parties of the filing of this transcript in the Office of the Clerk of the 37th Judicial Circuit of Alabama, Law Division.

THIS ___18th___ day of February, 1996.



OFFICIAL COURT REPORTER

FILED

MAR 18 1996

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK